# RITA ECHEANDIA et al.

v.

# SAN SEBASTIAN.

---

San Juan, Equity, No. 978.

MUNICIPAL HIGHWAY.

Highway—Public Right to Maintain.

    1. The public in Porto Rico has the right to open and maintain highways, and this is regulated in part by municipal ordinances.

Highway—Acquisition by Public.

    2. While the right of the public is unquestioned, the Constitution

NOTE.—Authorities discussing the question of taking or damaging private property for public highway without compensation are collated in a note in 22 L.R.A. (N.S.) 99.

Echeandia v. San Sebastian.

of the United States, carried forward into the Jones Act, forbids the taking or damaging of private property for public purposes without compensation.

Statute of Limitations—Laches in Equity.

3. Courts of equity are not within the words, but are within the spirit, of the Statute of Limitations, and laches also applies. This is the doctrine, that one cannot invoke rights which, after his unreasonable delay, another has assumed. It is connected with the doctrine of estoppel. The public can claim this principle.

Opinion filed September 12, 1918.

*Mr. F. H. Dexter* for plaintiffs.

*Mr. Miguel Guerra* for defendant.

HAMILTON, Judge, delivered the following opinion:

This was a suit by the owner of a tract of land, alleging that the defendant had unlawfully taken possession of a road leading through the property, and declared it a public road. A preliminary injunction was applied for, but refused by this court, because it seemed that after waiting nine years the plaintiff would probably be less injured by waiting a few months longer than the public would be by an injunction of closure pendente lite before the case was fully developed. An appeal was taken upon this order, but seems to have been abandoned upon the hearing above. The case is now submitted upon identically the same evidence, that is, affidavits, upon which the application was made for preliminary injunction.

1. There is no doubt of the right of the public in Porto Rico to open and maintain highways, and in the present instance the

defendant relies upon a San Sebastian ordinance in 1907, declaring that "the following are hereby declared to be municipal roads in the district of San Sebastian . . . number 7,—road without name, which, starting from the Cidral road, near the house of José E. Medina, reaches the house of Pedro Rivera, on road No. 8, passing through the property of Caballero, having an approximate length of 3 kilometers."

There is no proof of the purchase of this land from the owners by the municipality or any condemnation proceedings. The general law in regard to the acquisition of real property, therefore, must control. This is governed by several sections of the Civil Code of Porto Rico, as follows:

1831. "Ownership and other property rights are acquired by prescription in the manner and under the conditions specified by law. Rights and actions, of any kind whatsoever, also are extinguished by prescription in the same manner."

544. "Continuous and apparent servitude are acquired either by virtue of a title or by prescription after twenty years."

446. "Acts merely tolerated and those clandestinely executed, without the knowledge of the possessor of a thing, or with violence, do not affect possession."

1834. "Prescription acquired by a coproprietor or owner in common benefits all the others." [Compilation 1911, §§ 4937, 3614, 3516, 4940.]

The claim of the defendant seems to be that since the Ordinance of 1907, and indeed for many years before, said way has been open to public traffic by consent and dedication of the plaintiff. That is to say, the claim of the defendant is in effect that this property has been given to the public for the purposes of a public road. The general law on the subject of

Echeandia v. San Sebastian.

gift is contained in § 641 of the Porto Rico Civil Code, which is as follows:

"In order that a gift of real property may be valid it shall be made in a public instrument, stating therein in detail the property bestowed as a gift and the amount of the charges, which the donee must satisfy.

"The acceptance may be made in the same instrument bestowing the gift or in a different one; but it shall produce no effect if not made during the life of the donor.

"If made in a different instrument the acceptance shall be communicated to the donor in an authentic manner, and this proceeding shall be recorded in both instruments." [Compilation 1911, § 3712.]

There is no question that this has not been followed. The point therefore is, Has there been any equivalent shown by the acts of the plaintiffs under the sections of the Code previously cited?

2. The title of the plaintiffs is undisputed and the evidence is not satisfactory to show any gift or dedication to the public. The conviction left upon the mind after reading the evidence is that the plaintiffs had a road through the property, permitted a certain contractor to use it, and that the public has taken advantage of the existence of the way for the purpose also of going through the property. There being no evidence of purchase by the public, there must be not a mere permissive use, but a dedication, either formal or for such length of time as is equivalent, and an acceptance by the public authorities. The Ordinance of 1907 is not in so many words an acceptance of anything, but a declaration of a right. To be effectual there

XI. Porto Rico.—3.

Echeandia v. San Sebastian.

must have been either a purchase or public appropriation, on the one side or a dedication, on the other. The testimony shows a placing of signs and gates by the plaintiffs and a removal of them by the defendant. There was not enough evidence on the preliminary hearing to justify an injunction pendente lite against the defendant, and there has been no addition to the evidence on this subject. The submission, however, is of a different character. The court has now to decide definitely rights which before it was not called upon to adjudicate.

The plaintiffs certainly owned the land, and the defendant could only obtain it for road purposes by gift, dedication, or purchase, prescription not entering into the case because twenty years has not elapsed. Civil Code, § 544, supra. None of these methods of acquisition have been proved. The facts indicate rather an attempt, on the one side, to enforce the public user, and, on the other, to resist it.

The right of the public to open a highway is unquestioned and the right of the individual must give way to that of the public in proper cases; but the Constitution of the United States, carried forward into the Jones Act, forbids the taking or damaging of private property for public purposes without prior compensation. Jones Act, § 2. An injunction lies without compliance with such requirements. 22 Cyc. 835, 836; Mendelson v. McCabe, 144 Cal. 230, 232, 103 Am. St. Rep. 78, 77 Pac. 915.

3. Courts of equity are not within the words of the Statutes of Limitation, but they are within their spirit and act accordingly. Godden v. Kimmell, 99 U. S. 201, 25 L. ed. 431; 16 Cyc. 177; 5 Pom. Eq. Jur. §§ 494, 496. The doctrine of laches or unreasonable delay is not statutory, but equitable, and courts

Echeandia v. San Sebastian.

of equity apply it independently of statute in proper cases. It is as applicable in Porto Rico as in any state of the American Union, for the general doctrines of equity are not dependent upon local statutes. This has been already held in this court. Laches is the doctrine that one cannot invoke rights which after his unreasonable delay another has assumed, and is analogous to, if not connected with, the principle of estoppel. Galliher v. Cadwell, 145 U. S. 368, 36 L. ed. 738, 12 Sup. Ct. Rep. 873. It will vary in different cases (Griswold v. Hazard, 141 U. S. 260, 35 L. ed. 678, 11 Sup. Ct. Rep. 972, 999), and herein a court of equity has a wide discretion. While the public is an indefinite entity, it deserves protection, and deserves it perhaps all the more because it is not an individual and has to depend upon municipalities and other organizations which, from ignorance or multiplicity of duties, sometimes fail to carry out the details of the law. If the public was in the undisputed possession of land, injunction would not lie and the plaintiff would have to bring ejectment. On the other hand, if the plaintiff were in possession, the defendant could not take possession for road purposes until condemnation according to law, including prepayment of damages. The circumstances of the case, however, precludes relegating the parties to either of these remedies. It would seem that there is something in the nature of a "scrambling possession" by both parties, that is to say, a possession by the plaintiffs as owners and the frequent, if not continuous, assertion of right of way by the defendant on behalf of the public. The remedy to be adequate must suit the case. In the case at bar there is a conflict between the rights of the public and the rights of the individual, which is obvious, and the court must find some solution which will protect both.

Echeandia v. San Sebastian.

'It would seem, therefore, that, inasmuch as the judgment of the public authorities and possibly public usage tends to show that there should be a public way, the proper action in the case would be to retain the present condition for a short time in order to allow the public authorities to take the necessary steps towards compensation, but in default thereof to permit plaintiffs to reassert all their rights of property.

A decree will therefore be entered granting a perpetual injunction as prayed in the bill unless the defendant within fifteen days initiate proper proceedings for condemnation, to be certified to this court by the clerk of the proper local court and prosecuted promptly to a conclusion, or consent in writing herein to the appointment of a master who shall act as commissioner to ascertain and report proper compensation for such condemnation of the road in question. All other matters will be reserved.

It is so ordered.