PATRICK TALTY v. C. J. TORLING.

May 8, 1900.

Nos. 11,997—(70).

Counterclaim—Failure to Demur.
    Held, following Walker v. Johnson, 28 Minn. 147, and Mississippi & R. R. Boom Co. v. Prince, 34 Minn. 71, that objection to a counterclaim, as not proper subject of counterclaim, is waived by failure to demur.

Estate of Decedent—Counterclaim against Estate.
    G. S. 1894, §§ 4519, 4520, provide that, if an administrator commence an action against any one to recover in the interest of the estate, the defendant may in that action set off any claim he has against the deceased, instead of presenting it to the probate court. This offset may be made, even if the estate has been distributed. It is immaterial that the time for filing claims has expired. Gerdtzen v. Cockrell, 52 Minn. 501, followed.

Action in the district court for Martin county by plaintiff, as ad-

ministrator of the estate of O. E. Wilber, deceased, to recover $111 and interest on promissory notes executed to decedent. The answer set up a counterclaim, and demanded judgment for $1,650. The case was tried before Quinn, J., and a jury, which rendered a verdict in favor of defendant for $1,195. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Voreis & Mathwig*, for appellant.

*Ward & Thompson* and *Gray & Thompson*, for respondent.

LEWIS, J.

Plaintiff, as administrator of the estate of O. E. Wilber, deceased, commenced this action against defendant for the purpose of recovering upon two promissory notes executed and delivered to Wilber in his lifetime, and found among the assets of the estate.

The answer admits the execution of the notes, but alleges payment by a settlement and accounting, and sets up a counterclaim that, in consideration of the settlement of the liabilities of Wilber to defendant, Wilber transferred to defendant certain personal property, a part of which was immediately delivered, and in consideration of the settlement Wilber agreed to assume and pay a certain mortgage upon defendant's property, and construct a house for defendant upon the lands covered by the mortgage; that Wilber died before completing the delivery of the property and the performance of the other agreements; that plaintiff, as administrator, with knowledge of other facts, appropriated the property which was to be conveyed, and has failed and refused to deliver the same to defendant, and has refused to complete the contract, to defendant's damage in the sum of $1,650. For reply to this counterclaim, plaintiff alleged that the time for filing claims against the estate of Wilber had expired, and that defendant had not filed his claim, and that the matter pleaded as a counterclaim was not a proper subject of counterclaim. The cause came on for trial before the court and jury, and resulted in a verdict for the defendant for $1,195. From an order denying his motion for a new trial, plaintiff appeals.

The cause was tried by respondent upon the theory that it was necessary to prove the original transaction out of which grew de-

fendant's claim for damages against Wilber, whereas the pleading is drawn upon the theory that the basis of defendant's action against Wilber was the contract by which the original claim was settled. Having alleged this contract of settlement, and a breach of it, as the basis of his action, it would have been error, against plaintiff's objection, to receive evidence of the original matters, had the plaintiff made and insisted upon the objections. But these errors were without prejudice, the same evidence having been received later without objection. Defendant also objected to the counterclaim, because it did not state facts sufficient to constitute a cause of action or counterclaim. Although the pleading is somewhat unsatisfactory, yet it substantially sets forth the agreement of settlement, the consideration, and a failure to complete it. It is equally well settled that the question of the proper subject of counterclaim must be raised by demurrer, or it will be deemed waived. Walker v. Johnson, 28 Minn. 147, 9 N. W. 632; Mississippi & R. R. Boom Co. v. Prince, 34 Minn. 71, 24 N. W. 344. The offset provided by G. S. 1894, §§ 4519, 4520, may be made after the time for filing claims against the estate has expired. Gerdtzen v. Cockrell, 52 Minn. 501, 55 N. W. 58.

Order affirmed.