[S. F. No. 3218. In Bank.—July 25, 1904.]

ISAAC MENDELSON, Respondent, v. EDWARD McCABE, Appellant.

EASEMENT—RIGHT OF WAY, SUBJECT TO GATES—CONDITIONAL INJUNCTION.—A grant of a right of way subject to the right of the grantor to keep and maintain gates at each end thereof, makes it the duty of the grantee to close and fasten the gates after passing through them; and where the grantee was accustomed to leave the gates open, the grantor is entitled to an injunction to restrain the use of the right of way, except on condition of closing the gates after each passage through them.

ID.—GROUNDS OF INJUNCTION—MULTIPLICITY OF SUITS — CONTINUOUS INVASION OF RIGHT.—An injunction, in such case, will lie in favor

of the grantor, both to prevent a multiplicity of suits and to pre-
vent the continuous wrongful invasion of the right of the grantor
by the grantee, which might ripen into a prescriptive right. The
right to an injunction to prevent such continuous invasion is not
defeated by the mere absence of substantial damage from the acts
sought to be enjoined.

ID.—PLEADING—AVERMENT OF INTENTION TO CONTINUE—ADMISSION—
ABSENCE OF SPECIAL DEMURRER.—It was necessary, in order to sup-
port the injunction, to aver an intention on the part of the grantee
of the right of way to continue the injurious acts, and a reasonable
ground on the part of the grantor to apprehend that he would do
so. But averments that the grantee refused to desist from, and
threatened to continue the acts is sufficient, in view of an admis-
sion that the averments are true, and in the absence of a special
demurrer for uncertainty in the allegation of intent.

APPEAL from a judgment of the Superior Court of Santa
Cruz County. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

H. C. Wyckoff, and J. E. Gardner, for Appellant.

Lindsay & Netherton, for Respondent.

SHAW, J.—The defendant appeals from the judgment
upon the judgment-roll alone. The material facts as found
by the court and admitted by the pleadings are as follows:—

The plaintiff was the owner of a right of way across the
rear of the lot of the defendant, subject to the right of the
defendant to maintain gates thereon at the points of ingress
and egress to his lot, and the maintenance of such gates was
necessary to inclose the lot of the defendant and permit of
his reasonable enjoyment of the same. The defendant for
several years prior to the action had maintained a light and
easily opened gate at each end of the right of way, which did
not unreasonably obstruct the use by the plaintiff of the right
of way. For a short period before the action was begun the
plaintiff and his family had habitually left both gates open
after using the way, and, when requested by the defendant to
close them, the plaintiff refused to do so, and declared his in-
tention to continue to leave them open whenever he used the
way. The defendant in a cross-complaint set up these facts,
and prayed that the plaintiff be enjoined from using the right

of way, unless he should properly and securely close and
fasten the gates immediately after passing through them. The
cross-complaint did not allege that any actual damage had
been caused by the acts of the plaintiff and his family in
leaving the gates open. The court, as conclusions of law,
decided that neither the plaintiff nor defendant was entitled
to affirmative relief, but that the defendant was entitled to
recover his costs, and judgment was entered accordingly. The
plaintiff has not appealed from the judgment.

The defendant contends that upon the facts admitted and
found he should have been granted the affirmative relief
prayed for in his cross-complaint, and in this contention we
think he is correct. His right to maintain the gates for the
protection of his premises would be worthless if the gates
were continually left open when the way was not in use. The
grant of the right of way, being subject to the right of the de-
fendant to keep and maintain the gates, it follows that it is
the duty of the plaintiff to close and fasten the gates after
passing through them. If the defendant has the right to main-
tain the gates, the plaintiff has the right to open them only
for the purpose of passing through and over the way, and then
it is his duty to close them. (Goddard on Law of Easements
(Bennett's ed.), p. 331; Jones on Easements, sec. 412; *Phil-
lips* v. *Dressler*, 122 Ind. 414;[1] *Amondson* v. *Severson*, 37
Iowa, 602.) The right to an injunction is not always
defeated by the mere absence of substantial damage from
the acts sought to be enjoined. The acts of the plain-
tiff in leaving the gates open, if persisted in as he threat-
ens, will constitute a continual invasion of the right of
the defendant to maintain the gates which, if contin-
ued for a sufficient length of time, will ripen into a
right by prescription which will destroy the defendant's
right to maintain the gates, so that thereafter the plain-
tiff would have an unobstructed right of way, and the de-
fendant's property would be deprived of the protection arising
from the maintenance of the gates. Moreover, the only
remedy, other than that of an injunction, for the injury arising
from such continued trespass, would be an action against the
plaintiff for damages upon each occasion when he left the
gates open. The damage in each case would be very small,

---

[1] 17 Am. St. Rep. 377.

probably insufficient to defray the expenses of maintaining the action not recoverable as costs. Such remedy is inadequate and would require numerous petty suits, which it is not the policy of the law to encourage. The right to an injunction, therefore, is clearly established upon two grounds: first, because it is an invasion of his right and an injunction is necessary to prevent a total destruction thereof, and, secondly, because it is necessary to prevent a multiplicity of actions. As was said in *Moore* v. *Clear Lake Water Works,* 68 Cal. 150, "The interposition of a court of equity was required to prevent defendant's wrongful acts from ripening into a right, and on that ground alone the interference of a court of equity was properly asked and granted." This proposition is thoroughly settled in this state. (*Learned* v. *Castle,* 78 Cal. 461; *Walker* v. *Emerson,* 89 Cal. 458; *Mott* v. *Ewing,* 90 Cal. 237; *Lux* v. *Haggin,* 69 Cal. 278; *Conklin* v. *Pacific Improvement Co.,* 87 Cal. 305.) So, also, on the second point it has been said: "A trespass of a continuing nature, whose constant recurrence renders the remedy at law inadequate, unless by a multiplicity of suits, affords sufficient ground for relief by injunction." (High on Injunctions, secs. 697-700; *Kellogg* v. *King,* 114 Cal. 388;[1] *Smithers* v. *Fitch,* 82 Cal. 158.) The case of *Smithers* v. *Fitch* is substantially identical with the present case.

It was necessary to show an intention on the part of the plaintiff to continue the injurious acts, and a reasonable ground to apprehend that he would do so, in order to establish the right to an injunction. The cross-complaint avers that the plaintiff refused to desist from, and threatened to continue, these acts. This is a sufficient showing on this point, especially in view of the admission that the averments are true, and the absence of a special demurrer for uncertainty in the allegation of intent. (*Ball* v. *Kehl,* 87 Cal. 506; *Gardner* v. *Stroever,* 81 Cal. 150; *Coker* v. *Simpson,* 7 Cal. 341; High on Injunctions, sec. 18.)

The court below should have granted the injunction as prayed for in the cross-complaint.

The cause is remanded, with instructions to the court below to amend the judgment by inserting therein a clause to the effect that the plaintiff be enjoined from using the right of

[1] 55 Am. St. Rep. 74.

way across the defendant's lot, as described in the findings, unless the said plaintiff shall properly and securely close and fasten the gates at each end of said right of way immediately after passing through them, or either of them, and upon each occasion of such use.

Angellotti, J., Van Dyke, J., Henshaw, J., and Beatty, C. J., concurred.