[Civil No. 2403.  Filed January 27, 1926.]

[242 Pac. 1003.]

TOWN OF FLAGSTAFF, a Municipal Corporation,
T. E. PULLIAM, I. B. KOCH, B. A. CAMERON,
C. W. ISHAM, EARL C. SLIPHER, Members
of the Common Council of the Town of Flag-
staff, CLARENCE T. PULLIAM, Treasurer of
the Town of Flagstaff, and R. L. NEILL, Tax
Collector of the Town of Flagstaff, Appellants, v.
VICTOR GOMEZ, Appellee.

1. MUNICIPAL CORPORATIONS—TOWN HAS POSITIVE DUTY TO PROVIDE
   FOR PAYMENT OF DEBTS, INCLUDING JUDGMENTS.—Charter of
   Town of Flagstaff (Civ. Code 1913, par. 1831), *held* to impose
   positive duty upon common council to provide for payment of
   debts of town, including all outstanding judgments which are
   highest possible evidence of just indebtedness.

2. MUNICIPAL CORPORATIONS—TOWN HAS POWER TO LEVY TAXES OR
   ISSUE BONDS FOR PAYMENT OF JUDGMENT.—Since duty of paying
   judgments is specifically imposed on town, by reasonable implica-
   tion it has power to levy taxes or issue bonds for such purpose
   unless prohibited by statute.

3. MUNICIPAL CORPORATIONS—LIMITATIONS OF AMOUNT OF TAXES IN-
   APPLICABLE TO JUDGMENTS FOR TORTS.—Limitations of amount of
   taxes which may be raised by municipality in Civil Code of
   1913, paragraph 1850, and paragraph 4840 as amended by Laws
   of 1921, chapter 52, section 2, refer only to obligations volun-
   tarily incurred and have no bearing upon judgments rendered
   against it by reason of its torts.

4. PLEADING—ULTIMATE CONCLUSIONS NEED NOT BE ALLEGED IF PLEAD-
   ING SET UP FACTS FROM WHICH THEY MAY BE CLEARLY DRAWN.—
   Where pleadings set up facts from which ultimate conclusions
   may be fairly drawn, ultimate conclusions themselves need not
   be alleged.

5. MANDAMUS—WHERE TOWN ALLEGES TOTAL ABSENCE OF FUNDS TO
   PAY JUDGMENT PETITION TO COMPEL TAX LEVY NEED NOT AVER
   WANT OF REMEDY AT LAW.—Where petition states that munici-

2. Power of municipality to levy taxes to pay obligation sound-
ing on tort, see notes in 37 L. R. A. (N. S.) 1097; L. R. A. 1917E,
451. See, also, 1051.

pality refuses to pay judgment and answer alleges total absence of funds, writ of *mandamus* to compel tax levy would lie notwithstanding absence of formal allegation that there was no plain, speedy and adequate remedy at law.

6. MANDAMUS—MAKING TOWN TAX COLLECTOR PARTY TO MANDAMUS TO COLLECT JUDGMENT HELD IMPROPER, BUT NOT TO NECESSITATE REVERSAL.—Where it is duty of county treasurer to collect property taxes, the town tax collector is improper party to *mandamus* proceedings for collection of judgment against town, but error is not such as goes to merits of case and does not necessitate reversal.

7. MANDAMUS—TOWN TREASURER PROPER PARTY TO MANDAMUS PROCEEDINGS FOR PAYMENT OF JUDGMENT AGAINST TOWN.—Town treasurer *held* proper party to *mandamus* against municipality to compel payment of judgment or levy of tax therefor, since he is custodian of funds and has duty to pay them out as required by law.

See (1) 28 Cyc., p. 1567, n. 50 New. (2) 28 Cyc., p. 1577, n. 64 New; p. 1674, n. 16. (3) 28 Cyc., p. 1545, n. 78. (4, 5) 38 C. J., p. 881, n. 3; 31 Cyc., p. 70, n. 3 New. (6, 7) 38 C. J., p. 848, n. 81; p. 852, n. 92; p. 950, n. 75.

APPEAL from a judgment of the Superior Court of the County of Coconino. Fred C. Struckmeyer, Judge. Judgment modified and affirmed.

Mr. F. W. Perkins and Mr. C. B. Wilson, for Appellants.

Messrs. Townsend, Stockton & Drake, for Appellee.

LOCKWOOD, J.—Victor Gomez, hereinafter called appellee, brought suit in the superior court of Coconino county against the Town of Flagstaff, and joined William D. Walsh and Neal McLean, hereinafter called the contractors, seeking a judgment for damages for loss of life of a child of Gomez. He recovered judgment, and the defendants in that action appealed to this court. The contractors perfected their appeal, but the Town of Flagstaff failed to file the required appeal bond and its appeal was dis-

missed. The Supreme Court reversed the judgment against the contractors, and remanded the case for a new trial as to them, which new trial resulted in a verdict and judgment for the contractors. Thereupon appellee brought this action seeking a collection of his judgment against the Town of Flagstaff, by means of an order directing certain officials of the town, who were also made parties to the suit, to levy and collect a special tax on the property within the town, sufficient to pay his judgment, or to show cause why it should not be paid, or the tax levied. The defendants joined in a general demurrer and an answer to the petition, and appellee demurred to the answer. The answer averred that the defendants had no available funds to pay the judgment; that all of the revenue provided by their budget and tax levies had been used for the purposes contemplated therein; that there was no law authorizing them to make a special levy to raise money to pay the judgment; and that by statute they were restricted to an increase of ten per cent over the preceding year's expenditures in making their budget and levy for the current year; and that it would take all of such increase to meet the ordinary expenses of the town. The court took the demurrers, both to the petition and to the answer, under advisement, and later overruled the demurrers to the petition, and in effect sustained the demurrer to the answer, and made an order requiring the members of the common council to levy, at the first meeting held by law for the purpose of levying taxes, a tax sufficient to pay the judgment aforesaid, and also ordered the town collector to collect the tax when levied and the treasurer to pay Victor Gomez as administrator said sum when levied and collected. Whereupon the defendants herein appealed from the decision, order, judgment and decree and the whole thereof.

There are four assignments of error, raising certain legal propositions which we will consider as seems advisable. It is admitted that appellee has a judgment against the Town of Flagstaff which is in full force and effect, and wholly unsatisfied. The circumstances which finally resulted in that judgment, of course, cannot be considered by us in this case. We must accept it as proper and valid. Presumably when a judgment exists against a municipality as well as against an individual, that judgment should be paid. Further, the charter of the Town of Flagstaff, found in title 7, chapter 2, Revised Statutes of Arizona of 1913, Civil Code, contains the following provisions:

"1831. The common council of every such town shall have control of the finances and all the property, real and personal, belonging to the corporation; and shall likewise have power within the limits of the town . . . to appropriate money and provide for the payment of the debts and expenses of the town. . . . "

We are of the opinion that this paragraph not only gives the right but also imposes a positive duty upon the common council of the Town of Flagstaff to "provide for the payment of the debts" of the town, including all outstanding judgments, as they are the highest possible evidence of just indebtedness.

There are practically but two ways in which a municipality can properly raise money to pay its debts. One is by levying taxes directly therefor, and the other by issuing bonds, which in turn will have to be paid by taxes, so that in the long run it comes back to the levy of a tax. Since the duty of paying is specifically imposed on the town, we think by reasonable implication there goes with such duty the power to exercise the only possible method of fulfilling it, unless there is a special statutory prohibition.

*United States* v. *New Orleans*, 98 U. S. 381, 25 L. Ed. 225.

The next question is whether or not there is any special provision of the statutes qualifying or limiting this general power, so as to prevent a levy sufficient to pay the judgment. Counsel for appellants refer to paragraph 1850, Revised Statutes of Arizona of 1913, Civil Code, which reads as follows:

"1850. The common council of every town shall have power to levy and collect annually, upon the assessed value of the real and personal property within the town, as shown by the equalized assessment-roll of the current year, except such as is, or may be, exempt from taxation under the laws of the state, in each year, the following taxes:

"First. Not exceeding four mills on the dollar of such assessed valuation to defray the salaries of officers and the ordinary and contingent expenses of the corporation, not herein otherwise provided for.

"Second. Not exceeding twelve mills on the dollar of such assessed valuation, for the purpose of constructing and repairing streets, sewers, sidewalks and crosswalks, or bridges and culverts, upon such streets and sidewalks.

"Third. Not exceeding four mills on the dollar of such assessed valuation, to defray the interest of the public debt of the town."

And it is contended that this prohibits the common council from levying a tax in excess of the twenty mills set forth therein, and only permits that for the particular purposes provided in the paragraph. It is further contended that paragraph 4840, Id., as amended by the Session Laws of 1921 (chapter 52, § 2), limits the amount of taxes to be raised in any year to an increase of ten per cent over the aggregate of the previous year's expenses. The general rule is that limitations of the nature set forth in the provisions above quoted refer only to obligations voluntarily incurred by the municipality, and have no bear-

ing upon judgments rendered against it by reason of its torts. This has been repeatedly held in cases where the total amount of indebtedness to be incurred by a municipality was restricted by law, and the same reasoning forces us to the conclusion that a limitation on the amount of annual taxes to be raised is of the same nature. *McCracken* v. *City of San Francisco,* 16 Cal. 591, 632; *Lewis* v. *Widber,* 99 Cal. 412, 33 Pac. 1128; *State* v. *City of Willow Springs* (Mo. Sup.), 183 S. W. 589; *Menar* v. *Sanders,* 169 Ky. 285, L. R. A. 1917E, 422, 183 S. W. 949.

It is claimed, however, that a writ of *mandamus* does not lie for the reason there is no formal allegation that there is no plain, speedy and adequate remedy at law. We think it is elementary that if a pleading sets up facts from which ultimate conclusions may be clearly drawn, the ultimate conclusions themselves need not be alleged. The petition states that the Town of Flagstaff refuses to pay the judgment, and the answer of the town alleges the total absence of funds, present and prospective, wherewith to pay it. Is there any other conceivable way in which the plaintiff's just demand can be satisfied? We think not. The writ of *mandamus* was originally a high prerogative one, and used only in the most extreme cases, but with the great development of modern business it has been found to be one of the most necessary and efficacious tools of the law to insure that public officers do their duty, and it seems to be accepted generally as the proper procedure in cases like this. *United States* v. *New Orleans, supra; Coy* v. *Lyons,* 17 Iowa, 1, 85 Am. Dec. 539, and note.

The assignment of error in regard to the special demurrers of the treasurer and tax collector is well taken so far as the latter is concerned. Under the present law it is the duty of the county treasurer to collect property taxes in towns like Flagstaff. The

town treasurer, however, is the custodian of the funds of the town, and it is his duty to pay them out as required by law. He was a proper party. This error, however, does not go to the merits of the case, and it is not necessary that the judgment should be reversed for this reason.

It will be modified by striking therefrom the words, "It is further ordered, adjudged, and decreed that the defendant, the town collector of the Town of Flagstaff, do collect such taxes when levied by said common council, . . . " and the judgment as modified is affirmed.

McALISTER, C. J., and ROSS, J., concur.