[Civil No. 2827.   Filed September 24, 1930.]

[291 Pac. 1005.]

JOHAN JOHANSEN, Appellant, v. ARIZONA HOTEL, INCORPORATED, a Corporation, Appellee.

168

Mr. Glenn Copple and Messrs. Kibbey, Bennett, Gust, Smith & Lyman, for Appellant.

Mr. William H. Westover, for Appellee.

LAMSON, Superior Judge.—The plaintiff (appellee) sued the defendant (appellant) to collect four

months' rent, for the months of March, April, May and June, 1928, amounting to $800, alleged to be due under the terms of a lease; the plaintiff having acquired the interests of the original lessor, and the defendant the interests of the original lessee. The defendant, in his answer, denied the indebtedness, and further alleged that the plaintiff had breached the implied covenants for quiet enjoyment and undisturbed possession of the premises, which had been used for the purpose of conducting a moving picture show. The answer further alleged that the plaintiff was the owner, and had exclusive charge and control of the premises directly above the leased premises, using the same as a hotel or rooming-house; that plaintiff negligently, carelessly, and unlawfully allowed and permitted foul water and other unsanitary substances in great quantities to break through the ceiling over the leased premises at various times after May, 1927. The answer further alleged the promise on the part of the plaintiff to abate the nuisance and make the necessary repairs, and a failure on the part of the plaintiff to keep his promises; that by reason of these facts the defendant was unable to use the building for any purpose whatsoever during the months for which the rent was alleged to be due.

Defendant also filed a cross-complaint, alleging possession by defendant of the leased premises and possession by the plaintiff of the property immediately above; the negligence of plaintiff in permitting foul water and other unsanitary substances to break through the ceiling rendering premises occupied by defendant unfit for use; that defendant did not use said premises; that plaintiff promised to make necessary repairs; and prayed for damages in the sum of sixteen hundred dollars ($1600), the amount of rent alleged to have been paid after plaintiff promised to

make the necessary repairs. Plaintiff filed a general denial to this cross-complaint.

The case was regularly set for trial before a jury. After the jury was impaneled and sworn, plaintiff's attorney made an oral motion to strike the cross-complaint on the ground that the same did not state facts sufficient to constitute a cause of action. This motion was granted by the court, and the trial proceeded on the complaint of plaintiff and the answer of defendant.

The form of verdict submitted by the court to the jury in the event that they found the issues in favor of the plaintiff was as follows:

"We, the jury, upon our oaths do find for the plaintiff, Arizona Hotel Company."

This form was returned by the jury as their verdict, and judgment on the verdict followed for the full amount claimed, eight hundred dollars.

Motion for new trial was duly made and denied. Notice of appeal was given both from the judgment and the order denying the motion for new trial, but the *supersedeas* bond only recites an appeal from the judgment. Appellee argues that this court cannot consider any error which would have been ground for a new trial, but is limited to the consideration of fundamental error appearing in the judgment-roll, and any intermediate errors properly presented for review. This question is settled by the recent case of *Hall* v. *Weatherford*, 32 Ariz. 370, 56 A. L. R. 903, 259 Pac. 282, 283. In this case Chief Justice LOCKWOOD stated the rule as follows:

"It will be seen therefrom that, if a motion for new trial is made and denied, as it was in this case, it is not necessary to appeal from the order denying [the motion for new trial] in order to review the questions presented in the motion."

Appellant's first assignment of error questions the correctness of the lower court's ruling in striking out defendant's cross-complaint on plaintiff's oral motion at the time of the trial. As a motion to strike, said motion came too late (paragraph 475, Revised Statutes of Arizona, 1913 [Civil Code]), answer to cross-complaint having been previously filed and the trial started. If the motion had been made in time and granted under paragraph 475, defendant would have been entitled to amend. If said motion is to be treated as a demurrer as indicated by the trial judge (*Crosby* v. *Murray*, 24 Ariz. 446, 210 Pac. 1046), we are confronted with paragraph 418, Revised Statutes of Arizona, 1913 (Civil Code), which requires all pleadings to be in writing, signed by the party or his attorneys, and filed with the clerk of the court. Furthermore, if the motion be treated as a demurrer, chapter 14, Session Laws of Arizona, 1925, prohibits the amending of pleadings less than five days before trial except by leave of court. No formal leave to amend was asked or granted. If the court did exercise its discretion and permit the amendment at the opening of the trial, we think a reasonable time should have been granted defendant to amend his cross-complaint. It is the established practice in Arizona that the sustaining of a demurrer always permits the party to whose pleading the demurrer is sustained, to amend his pleading, unless it appears that the defects cannot be made good by amendment or unless it clearly appears that there is a want of sufficient facts.

While the cross-complaint was not as complete and specific as it should have been, it did contain an allegation of the payment of sixteen hundred dollars as rent. This is clearly an element of damage. *Timmons* v. *McKinzie,* 21 Ariz. 433, 189 Pac. 627. If the complaint states facts showing damage it is suffi-

cient, although it does not close with an *ad damnum* clause, if it contains a prayer for judgment in a specified amount. *Weaver* v. *Mississippi Boom Company*, 28 Minn. 542, 11 N. W. 113; *Riser* v. *Walton*, 78 Cal. 490, 21 Pac. 362; *Hurley* v. *Great Falls Baseball Association*, 59 Mont. 21, 195 Pac. 559; *Bank* v. *City of Port Townsend*, 16 Wash. 450, 47 Pac. 896.

"We think it is elementary that if a pleading sets up facts from which ultimate conclusions may be clearly drawn, the ultimate conclusions themselves need not be alleged." *Town of Flagstaff* v. *Gomez.* 29 Ariz. 481, 242 Pac. 1003, 1004.

It is the purpose of our law to prevent multiplicity of actions, and to settle in one suit, so far as that is possible, all the questions between the parties arising out of the same transaction. The cause of action in the cross-complaint clearly arose out of the same contract or transaction pleaded in the complaint and comes within our statutory provisions relating to counterclaims. In any event, the objection that the matters set up in the cross-complaint were not the proper subject of a counterclaim was waived by the failure to seasonably demur thereto upon that ground. *Mississippi Company* v. *Prince*, 34 Minn. 71, 24 N. W. 344; *Talty* v. *Torling*, 79 Minn. 386, 82 N. W. 632.

Under all of the circumstances appearing here, we think it an abuse of discretion to grant the motion to strike, without granting defendant a reasonable opportunity to amend.

In an exhaustive note on the rights and remedies of a tenant who remains in possession of all or part of the premises, against a landlord for interfering with his possession or enjoyment, appearing in 20 A. L. R. 1369, the rule is laid down (page 1384):

"In an action by the lessor to recover the rental of premises, the lessee is entitled to offset, counter-

claim, or recoup damages accruing to him by reason of the interference with, or deprivation by the lessor, or someone acting under his authority, of, the beneficial enjoyment by the lessee of the leased premises, and this right is not lost by the latter remaining in possession of the premises.''

This rule is supported by a long list of cases from many jurisdictions, and correctly states the law. The manner of asserting the privilege, whether by set-off, recoupment or counterclaim, depends upon the local practice.

By the ruling of the lower court the defendant was deprived of the opportunity of having the jury pass on the question as to whether or not the plaintiff had deprived the defendant of the beneficial enjoyment of the premises, and as to whether or not the defendant had suffered damage by reason of the acts of the plaintiff.

Assignments numbered from 2 to 9, both inclusive, are directed at certain instructions given by the court at the request of the plaintiff, and the refusal to give certain other instructions requested by the defendant. In view of the disposition we are making of this case it is not necessary to consider all of these assignments, as different issues will be presented on a new trial of the case.

In 16 Ruling Case Law, paragraph 259, page 764, the rule is laid down:

''It is generally well recognized that there is an implied covenant in a lease for the quiet enjoyment of the premises by the lessee free from any interference on the part of the landlord.''

This is the law in Arizona. *Barry* v. *Holmesley*, 24 Ariz. 375, 210 Pac. 318. The defendant, in his answer, relied upon a constructive eviction to defeat the claim of plaintiff. The great weight of authority is to the effect that in order to rely upon this defense the defendant must abandon the premises within a

reasonable time, or the right to claim such an eviction will be waived. However, where the evil complained of was capable of being remedied by the landlord, who promised defendant that he would remedy it, the defendant had the right to rely upon such promise and remain in possession. *Siebold* v. *Heyman*, (Sup.) 120 N. Y. Supp. 105; *Graecen* v. *Barker*, (Sup.) 130 N. Y. Supp. 141; *142 West 57th Street Co.* v. *Trowbridge*, 88 Misc. Rep. 70, 150 N. Y. Supp. 538.

There is evidence introduced showing complaints by the defendant to the manager in charge of the hotel conducted by the plaintiff above the leased premises, and a promise on his part to repair. There was also evidence tending to show a complaint made to the president of the plaintiff company. We think the jury might have found that sufficient notice was given, and the promise to make repairs made. With this evidence in the record we think that the violation of the implied covenant for quiet enjoyment and the right to offset or recoup any damage sustained should have been submitted to the jury under proper instructions as to the law. This was not done.

Assignments numbered 10 and 11 are directed at the form of verdict which was submitted to the jury by the trial court and returned by them. The jury might have found that the defendant abandoned the premises at some time after the beginning of the period for which rent was claimed, and before the end of that time, and might have found that the defendant had a right to rely on the promises of the plaintiff to abate the nuisance, and remain in possession for a reasonable length of time, and that this time might have expired during the months in question. Defendant made proper objection to the form of verdict and to the entry of judgment thereon. We think the question as to the amount due should have been submitted in compliance with paragraph 544, Revised Statutes of Arizona 1913 (Civil Code).

Assignment numbered 12 is directed to the refusal of the court to instruct the attorney for plaintiff to refrain from improper argument to the jury. It appears from the evidence introduced that the defendant had sold his picture business to Rickards & Nace, and had entered into some kind of an agreement with that firm. The court instructed the defendant to produce this agreement, and he did produce some document which plaintiff contended did not contain the whole agreement. In his argument to the jury plaintiff's attorney stated that if the agreement had been produced it would have shown that defendant had already received his rent from Rickards & Nace, and that defendant had been adequately compensated for the rent which plaintiff is now trying to collect from him. Timely objection was made by defendant's attorney, and overruled by the court. The lease did not restrict the use of the premises to theater purposes. Consequently, defendant had the right to use for other purposes, or to sublet to other parties. He was clearly entitled to whatever profit he could make from the premises, and it was wholly immaterial what payments were being made to him under his contract with Rickards & Nace. We think the court erred in not sustaining the objection made by defendant, and instructing the jury that the existence of the alleged agreement was not material in determining whether or not plaintiff was entitled to a verdict.

We think we have sufficiently indicated the rules to be followed on a new trial of this case, and we believe the proper instructions can be drawn which will fairly present the issues to the jury.

For the reasons stated, the judgment will be reversed and the cause remanded for further proceedings, in accordance with the views expressed herein, with directions to reinstate the cross-complaint with leave to the defendant to amend within a reasonable

time if he be so advised, and to grant the defendant a new trial.

LOCKWOOD, C. J., and McALISTER, J., concur.

NOTE.—Judge LAMSON, of the superior court of Yavapai county, sat in the place of Judge ROSS, who on account of illness was unable to participate in the hearing.