223 P.2d 933

**PINKERTON v. PRITCHARD et al.**

No. 5192.

Supreme Court of Arizona.

Nov. 13, 1950.

Leonard S. Sharman, of Phoenix, for appellant.

Milton L. Ollerton, of Phoenix, for appellees.

PHELPS, Justice.

The facts in this case are that on February 5, 1946, plaintiff-appellant filed an action in ejectment in the superior court of Maricopa County against defendant J. A. Pritchard, one of the appellees herein, in which he alleged that he was the owner of the north 16 feet of Lot 1, Smith & Ward Subdivision, Maricopa County, Arizona; that defendant wrongfully withheld the possession thereof from him and asked for judgment declaring defendant to have no interest therein and for restitution of the property. Defendant answered and among other things alleged he had an interest amounting to an easement in said strip of land for road purposes. The following May

28, 1947, after trial of the issues, judgment was entered for defendant the terms of which judgment will be hereinafter discussed.

On June 14, 1947, plaintiff filed an action in the same superior court against defendant Pritchard and Universal Air Conditioning Company, a corporation, alleging that he was the owner of the strip of land involved in the former cause of action and alleged that defendant on or about the 29th day of May, 1947, was then and ever since had been unlawfully and wrongfully trespassing upon said strip of land by using it for parking and storing vehicles and other personal property thereon and by maintaining a fence along and across said 16-foot strip. He asked for judgment for damages and restraining defendants from maintaining said fences and from using said strip of land, "in any manner whatsoever other than that allowed by order of this court" (unquestionably referring to the judgment entered May 28, 1947).

Defendants answered and among other things set up the judgment of the former litigation as res judicata of all the issues raised in the instant case and asked for the dismissal of said cause of action. At the close of plaintiff's case defendants' counsel moved for a dismissal of the case upon the ground of res judicata which was later granted and judgment entered accordingly. From this judgment. plaintiff has appealed. He rests his appeal upon the following assignment of error: "The court erred in granting defendant's motion to dismiss the action as being res judicata."

In order to determine this question it is necessary to analyze the pleadings in the respective causes of action. Clearly the first cause of action is one in ejectment wherein plaintiff sought to have the court declare him to be the fee simple owner of the strip of land therein described and that defendant Pritchard be required to surrender possession thereof to him.

The judgment plead as res judicata reads in part as follows:

"It is ordered, adjudged and decreed that the defendant, J. A. Pritchard, be, and he hereby is, granted an easement for roadway purposes over and across the following described real property:

"The North sixteen (16) feet of Lot One (1), Smith & Ward Subdivision, according to the map or plat thereof on file and of record in the office of the County Recorder of Maricopa County, Arizona, the same being a subdivision of the North Half (N½) of the Southeast Quarter (SE¼) of Section Seventeen (17), Township One (1) North, Range Three (3) East of the Gila and Salt River Base and Meridian, appurtenant to Lot One (1) of said subdivision, Maricopa County, Arizona.

"It is further ordered, adjudged and decreed that the plaintiff, Burk L. Pinkerton, be, and he hereby is, permanently enjoined and restrained from interfering with or encroaching upon said easement over and

across said North sixteen (16) feet of Lot One (1) of Smith & Ward Subdivision, Maricopa County, Arizona, and *from claiming any right, title or interest in said real property, other than the right to use said property, with others, for a roadway;* * * *." (Emphasis supplied.)

A pertinent portion of the findings of fact upon which the above judgment is predicated is as follows: "That on or about October 23, 1919, plaintiff, Burk L. Pinkerton, acquired title in fee simple to the whole of Lots 9 and 16 and to Lots 1 and 8, (which included said North 16 feet of Lot 1), by warranty deed recorded in the office of the County Recorder of Maricopa County, Arizona, in Book 175 of Deeds at page 288 thereof. * * *" (then follows a description of property) and as a conclusion of law the court found as follows: "2. That the sale by plaintiff on May 29, 1922, of a part (Lots 1 and 8) of a larger tract of land (Lots 1, 8, 9 and 16) which was subject to a visible and apparent easement for roadway purposes constituted an implied grant of the easement for roadway purposes over and across the North 16 feet of Lots 1 and 8 of said subdivision, for the benefit of all of said Lots 1, 8, 9 and 16, in said subdivision."·

 The order and decree above set out in the judgment is conflicting and ambiguous and not in harmony with the findings of fact and conclusions of law. It grants to the defendant an easement in the strip of land involved *for road purposes.* This language thereby fixes the limit and extent of defendant's easement therein and right to the use thereof. Then it undertakes to restrain plaintiff from "claiming any right, title or interest in said real property other than the right to use said property with others, for a roadway." This language, literally construed, divested plaintiff of the legal title to his property without vesting it in any other person, thus leaving the title thereto suspended in mid-air. This conflicts with the former part of the judgment to the effect that defendant is given only an easement in the land for road purposes and, of course, amounts to an absurdity. It was wholly beyond the power and jurisdiction of the court to accomplish such an end. We therefore hold that the language used in the judgment did not have the effect of divesting plaintiff of his legal title to said property and that it was not the intent of the court to accomplish that end.

We further hold that the things that were determined by that judgment and which are res judicata so far as the instant case is concerned are: (1) that plaintiff was and is the owner of the legal title to the 16-foot strip of land here involved with the right to use said strip of land together with others as a roadway; (2) that defendant Pritchard has an easement thereon· *for road purposes only;* (3) that plaintiff was not then entitled to damages from the defendant for the alleged wrongful withholding of possession thereof from plaintiff.

Let us now examine the pleadings in the instant case.

1. Plaintiff alleges he is the owner of the strip of land in question.

2. He alleges defendants are trespassing upon it to his damages in the sum of $500.

3. He prays for damages for such trespass and that defendants be restrained from using said strip of land for any purpose except as allowed by the judgment above set forth.

Under no circumstances can it be said that the issues determined by the judgment of May 28, 1947, are res judicata of the issues raised in the instant case. The latter action is not an attempt to recover possession of the strip of land in question or to enlarge his ownership interest therein. It seeks merely to require defendants to limit their use of the easement granted to Pritchard by the judgment of May 28, 1947, to its use for road purposes only and to recover damages for their wrongful use thereof by using such strip of land for purposes wholly outside of and beyond the grant described in the judgment. It is immaterial by what name we denominate the present cause of action. Suffice it to say that it is not possessory in its nature. However, we believe it clearly falls within the designation of the common law action of trespass on the case. In other words, an action in tort. See 28 C.J.S., Easements, § 107. And we hold that while plaintiff's complaint is inartfully drawn and that it would have been better pleading to allege the character of his ownership yet it was not imperative that he do so. The allegation of ownership and the right to its use except as limited by the easement decreed by the court is sufficiently supported by proof of ownership of the legal title. Ownership has been held by this court in City of Phoenix v. State ex rel. Harless, 60 Ariz. 369, 137 P.2d 783, 786, 146 A.L.R. 1255, as covering different estates. in real property. The court there said: "The word 'owner' has no technical meaning, but its definition will contract or expand according to the subject matter to which it is applied. As used in statutes it is given the widest variety of construction, usually guided in some measure by the object sought to be accomplished in the particular instance. It has led some courts to declare that the word has no precise legal signification and may be applied to any defined interest in real estate. Merrill Ry. & Lighting Co. v. City of Merrill, 119 Wis. 249, 96 N.W. 686." Therefore when plaintiff introduced the judgment in the former litigation of May 28, 1947, together with the judgment roll in evidence he showed that he had the legal title to the property in question and satisfied the allegations of his complaint relative to ownership. The relief sought in the instant case is entirely consistent with the allegations of the complaint. We said in the case of Sharp v. Western Union Telegraph Co., 39 Ariz. 349, 6 P.2d 895, 898, that " * * * where the prayer follows the allegations of damages, the two together are the best evidence to the trial court of what relief is sought. * * *" And again in the case of Johansen v. Ari-

zona Hotel, Inc., 37 Ariz. 166, 291 P. 1005, 1007, we said: " * * * If the complaint states facts showing damages it is sufficient, although it does not close with an ad damnum clause, if it contains a prayer for judgment in a specified amount. * * * " We further said in the Johansen case that " 'We think it is elementary that if a pleading sets up facts from which ultimate conclusions may be clearly drawn, the ultimate conclusions themselves need not be alleged.' Town of Flagstaff v. Gomez, 29 Ariz. 481, 242 P. 1003, 1004."

The character of plaintiff's ownership of the property in question alleged in his complaint and relied upon by him is evidenced by the fact that he introduced the judgment and judgment roll in the former litigation in evidence and in the prayer of his complaint asked that the defendants' use of the easement be limited to the grant thereof contained in the judgment. Nowhere can it be gathered from the pleadings that plaintiff sought to be declared the owner of said property in fee simple or to be entitled to possession thereof to the exclusion of defendants but the manifest intent gathered therefrom is to have the court decree that the defendants were entitled to no greater servitude upon such strip of land than that decreed by the court in its former judgment, to wit, that defendants were entitled to use it under the easement granted for road purposes only. He alleged that they were using it not for road purposes but for a storage and parking yard and that they had built fences along and across it and the evidence shows defendants have constructed buildings extending over portions of it. These things, if true, (and it must be taken as true for the purposes of the motion to dismiss) completely destroy its use for road purposes.

But counsel for defendants says these obstructions were there on this strip when the former case was tried and that these facts should have been presented to the court at that time and that under the rule laid down by this court in numerous decisions all matters in issue or which could have been put in issue are conclusively settled by the judgment in that cause. This is undoubtedly the law in this state. Citizens' State Bank v. McRoberts, 29 Ariz. 173, 239 P. 1028. But the question as to what use defendant Pritchard was putting the property at the time of the former trial was not a material issue in that case. It was wholly immaterial there whether he was using it as a junk yard, a storage place or a vegetable garden or whether or not he was putting it to any use whatsover. It was claimed defendant was wrongfully withholding its possession from plaintiff who then asserted he was the owner in fee thereof. That was the sole issue in that case.

If we assume for the purpose of argument that counsel for defendants is correct and that these issues are deemed to have been determined by the court, it completely refutes his position here that the

judgment in that case gives him the right to use the land involved as a storage yard, to build fences along or across or to construct buildings upon it. That judgment gave him the easement to use it for road purposes alone and completely negatives the idea as claimed by defendants that they have been adjudged to have the right to use it for a storage yard, to construct fences across it and to erect buildings upon it. The rights of any person having an easement in the land of another are measured and defined by the purpose and character of the easement; and the right to use the land remains in the owner of the fee so far as such right is consistent with the purpose and character of the easement. Langazo v. San Joaquin Light & Power Corp., 32 Cal. App.2d 678, 90 P.2d 825. The servient estate will not be burdened to a greater extent than was contemplated or intended at the time of the creation of the easement. Fendall v. Miller, 99 Or. 610, 196 P. 381. Under our constitution, law and equity are blended in one court. Thus the court may give appropriate judgment in all cases involving both law and equity, therefore the trial court had the power to exercise equitable jurisdiction and grant an injunction in the instant case.

■ Defendants' trespass upon this roadway constituted a nuisance, 19 C.J., Easements, page 988, note 81, 28 C.J.S., Nuisance § 96, and even if plaintiff had recovered damages in the judgment of May 28, 1947 for its obstruction at that time he would not thereby have precluded himself from maintaining this cause of action for damages resulting from its obstruction at this time. The rule applies to both public and private nuisances.

■ In the case of City of Phoenix v. Johnson, 51 Ariz. 115, 75 P.2d 30, 34, in discussing a similar question, the court said: "Whether a party injured has only one or several rights of action for the maintenance of a nuisance, whether public or private, depends upon whether the nuisance is a permanent, or what is called a continuing, one. If the nuisance be permanent in its nature, there is but one cause of action, and when that has been determined, the rights of the party claiming to be injured by the nuisance are settled once and for all. If, however, the nuisance is of a continuing nature, successive actions may be maintained for the damages occurring from time to time. Baltimore & Potomac R. Co. v. Fifth Baptist Church, 137 U.S. 568, 11 S.Ct. 185, 34 L.Ed. 784; Donahue v. Stockton Gas & Electric Co., 6 Cal. App. 276, 92 P. 196. The difference between these two classes of nuisance is well discussed in the case of Olpp v. Hocking Valley R. Co., 22 Ohio N.P., N.S., 433 (46 C.J. 650), as follows: 'If it is within the power of the person by the exercise of skill and labor to abate the nuisance, he must do so. If he fails in his duty, but allows the same to continue, he is responsible for maintaining a continuing nuisance. * * * If one responsible for maintaining a nui-

sance is unable by the exercise of skill and labor to abate it, then it is to be regarded as permanent, because it will continue indefinitely without change. * * * Permanent nuisance expresses the idea that a nuisance may continue in the same state, unless the person obligated to abate it performs his duty and changes its form so as to destroy its character as a nuisance. * * If the injury be temporary, as distinguished from permanent; that is, if it is one which can be abated, but the defendant has failed continuously to abate it, it is temporary or continuing. * * * ' " In the case from which we have just quoted an action was brought by Johnson against the city of Phoenix asking for damages for an alleged nuisance resulting from an operation of the sewage disposal plant of the city of Phoenix. The city set up as a defense that theretofore plaintiff had assigned his cause of action to another person for recovery of damages based upon said nuisance and that judgment was rendered for the city and that such judgment was res judicata as to the question of nuisance. The court held otherwise and said that while the disposal plant itself was permanent in its character that it was capable of being scientifically operated so that it would not constitute a nuisance and it was possible for the city to operate it in such a manner, therefore it was a continuing nuisance.

▬▬ It is not necessary to catalogue the wrongful obstruction of the roadway in the instant case as either a public or a private nuisance in order for plaintiff to maintain successive causes of actions for the wrongful obstruction thereof. In the case of Danielson v. Sykes, 157 Cal. 686, 109 P. 87, 89, it was said: "The rule is that if an obstruction to a private easement is continuous, exclusive, and under claim of right, so that it will eventually destroy the easement by adverse possession thereof, an injunction will be granted against such obstruction, although substantial damage has not yet been caused by the obstruction. In such a case the damage will be substantial when the adverse occupation has extinguished the right of way. This is sufficient to justify the injunction to prevent the continued occupation which would eventually operate to take a right in real property from the true owner. Mendelson v. McCabe, 144 Cal. 232, 77 P. 915, 103 Am.St. Rep. 78, and cases there cited. This case also decides that where such trespasses are of a continuing nature, and the damage for each day's obstruction is insignificant, the remedy of successive actions at law for such damages is inadequate, and equity will interpose by injunction." The test then whether a wrongful obstruction is continuous is: Will it ripen by adverse use into title in the wrong-doer or destroy the property rights of another party by adverse use?

▬▬ In the instant case the obstruction to the roadway caused by defendants' use thereof in the manner above described may be easily abated and defendants have

failed and refused to do so. This being true the contention of defendant is wholly untenable when he asserts that if these obstructions were in existence at the time of the former trial plaintiff may not introduce evidence showing them to be in existence today as forming the basis for a new cause of action. Even if it were conceded that the complaint of the plaintiff is inadequate to support the relief sought the entire trial was tried upon the theory that plaintiff claimed only that interest in the strip of land involved as fixed by the judgment of the trial court of May 28, 1947. No objection was made by counsel for defendants to the introduction of evidence upon that theory or upon any ground except that defendants objected to evidence relating to obstructions upon the land existing at the time of the trial in the former proceeding for the reason he claimed that the issue was res judicata. Therefore under the provisions of Rule 15(b), section 21-449, A.C.A. 1939, when issues are tried by express or implied consent of the parties they shall be treated in all respects as if they had been raised by the pleading. And Rule 54(c), section 21-1203 provides that: "* * * every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."

The very purpose of adopting our present rules of procedure was to obviate delays and to administer speedy justice. By its judgment of May 28, 1947, the court said in substance to defendants, you may use this strip of land for a roadway. That is the limit of the servitude to which you are entitled. You may not use it so that it will interfere with its use as a roadway by others. To deny plaintiff relief in this action and to hold that he must bring another action in the superior court to have that judgment executed, considering all its attendant expenses and delays, would do violence to the declared purpose of the rules of this court. In the case of Johansen v. Arizona Hotel, Inc., supra, we said: "It is the purpose of our law to prevent multiplicity of actions, and to settle in one suit, so far as that is possible, all the questions between the parties, arising out of the same transaction. * * *" [37 Ariz. 166, 291 P. 1007].

Judgment reversed with directions for a new trial in accordance with the views herein expressed.

LA PRADE, C. J., and STANFORD and DE CONCINI, JJ., concur.

UDALL, Justice (dissenting).

I dissent, for I consider the trial court, on the record before it at the close of plaintiff's case, properly dismissed the complaint. It is my view that the complaint not only failed to state a cause of action but that the matters attempted to be pleaded and proved in the second action were res judicata by reason of the judgment entered in the first suit.

I readily concede that had plaintiff brought an appropriate action to enforce the terms of the original judgment, the end sought, i. e., to prevent defendants from using the 16-foot strip in any manner other than for roadway purposes could easily have been obtained. No such issue has been presented in this complaint (hereinafter set forth haec verba), for in the body thereof no mention is made of the prior action or of any right of plaintiff determined therein.

In order to keep plaintiff in court, the majority, as I see it, have gone to extreme lengths in attempting to find a basis for reversal. They have virtually rewritten the judgment entered in the first suit and have read into the complaint in the instant action matters which nowise appear therein. It is in protest of these liberties unjustifiably taken that I am dissenting.

To determine whether a claim for relief was stated, let us examine the very short complaint in the present suit—which even the majority admits was "inartfully drawn." Plaintiff first alleges ownership of the strip in question and then states: "That on or about the 29th day of May, 1947, and ever since said date, the defendants unlawfully, wrongfully trespassed on said strip of land, and have maintained a fence along and across said strip of land; the said defendants have used said strip of land for the purpose of parking and storing vehicles and other personal property, and do continue to wrongfully tres-

pass on said strip of land as aforesaid though requested not to do so by this plaintiff; that plaintiff has been damaged in the sum of Five Hundred Dollars ($500.00) by his wrongful exclusion from said strip of land by the aforesaid acts of the defendants." It will be noted that the complaint fails to contain the vital allegation that plaintiff had the right to immediate possession of the strip in question. The allegation of ownership, in an action of trespass, is sufficient where the law presumes that the owner has constructive possession, but in the instant case plaintiff has negatived any such presumption by pleading facts in his complaint conclusively showing that defendants are in actual and exclusive possession of the land.

"Constructive possession is that possession which the law presumes the owner has, in the absence of evidence of exclusive possession in another. If defendant is in actual possession, constructive possession in plaintiff is excluded. * * *" 63 C.J. 905-6.

The question of plaintiff's ownership of the strip in question was litigated in the first action and determined against him, for that judgment restrained plaintiff from "claiming any right, title or interest in said real property, other than the right to use said property with others for a roadway." Thus, in the present suit we have this situation: plaintiff, under the prior judgment, is not the owner of the strip in question, and he does not allege that he

is entitled to the right of immediate possession, but yet he brings an action in trespass. Under these circumstances can he maintain the present action? I think it is indisputable that he cannot. Even under our liberal rules of civil procedure the complaint must still state a "cause of action" in the sense that it must show that the pleader is entitled to relief. It is not enough to indicate that the plaintiff has a grievance, but there must be some legal basis upon which to sustain his claim. Here there is none, for the gist of the action in trespass is injury to possession.

"As a general rule, to recover for trespass, plaintiff must either have title to, or possession of, the land, depending on whether it is vacant or occupied. One having neither title nor possession, or having neither possession nor right of possession cannot maintain trespass. * * " 63 C.J. 902.

From the foregoing it is evident that plaintiff's complaint did not state a claim upon which relief could be granted and that it was fatally defective. Therefore, defendant's motion to dismiss, urged prior to trial, should have been granted.

As to the matter of res judicata, from the face of the two complaints it manifestly appears: (1) that these two suits (the first in ejectment and the second in trespass) are actions involving possessory rights, (2) were brought in the same court, (3) involved the same parties or their privies, and (4) concern the same 16-foot strip of land. Furthermore, both actions are predicated upon a specific allegation that plaintiff was the owner of the strip in question and that defendants trespassed thereon to plaintiff's damage. They differ only in that in the first case the right to immediate possession was asserted and in the instant case omitted, plus the allegation in the latter suit that the trespass occurred subsequent to the date of the former judgment. As I interpret the second complaint plaintiff is seeking to relitigate issues theretofore determined in the first action.

Certainly, the matter of ownership, as heretofore pointed out, was determined adversely to the plaintiff under the terms of the first judgment—unless one indulges, as did the majority, in some mental legerdemain by reading into the judgment that which is not there. Hence, it is my view the doctrine of res judicata was properly held applicable in the trial court's dismissal of the action. Stewart v. Phoenix Nat. Bank, 49 Ariz. 34, 64 P.2d 101; Manor v. Stevens, 61 Ariz. 511, 152 P.2d 133. In virtually rewriting the decree entered in the first suit, the majority have, upon their own motion, made a collateral attack upon a valid judgment that has become final. This is the very thing prohibited by the application of the doctrine of res judicata. See 30 Am.Jur., Judgments, Sec. 165. In Lewis v. Palmer, 67 Ariz. 189, 193 P.2d 456, 460, it is stated: "* * * The judgment in that cause, over which the court unquestionably had jurisdiction, having be-

come final, it is final for all purposes and the attempted present collateral attack can not be entertained."

Furthermore there are certain statements appearing in the majority opinion that I believe are wholly unjustified and unwarranted. First, it is stated that defendants are now claiming that they have been adjudged the right to use the strip for a storage yard, to construct fences across it and to erect buildings thereon. This statement is incorrect, for all that the defendants have contended is that plaintiff failed to state a claim upon which relief could be granted. Second, it is claimed that without objection the case was tried upon the theory that plaintiff claimed only that interest in the strip of land which was fixed by the previous judgment of the court and that hence under rule 15 (b), sec. 21-449, supra, the matter should be treated as having been raised by the pleadings. The only basis in fact for the above statement is that defendants—who needed the complaint and judgment in the first action in evidence to prove their plea of res judicata—stipulated that the court might take judicial notice of the entire file. There was no abandonment of their contention that a claim had not been stated and their theory as to res judicata was adhered to throughout. It is my view that the rule invoked by the majority has no application under a fair interpretation of the record presented in this case. Last, the majority opinion injects into the picture the matter of a continuing nuisance. Such a theory was not alleged in the complaint or argued in any of the briefs; it has arisen only in the fertile minds of the majority. The leap across the broad gulf between a complaint which defectively alleges trespass to one which only by imagination states a claim for a mandatory injunction on the theory of a continuing nuisance is a perilous one which this court should not make merely to keep this plaintiff in court. As a matter of fact, it is only in the prayer, which is no part of the complaint, Jones v. Stanley, 27 Ariz. 381, 233 P. 598, that plaintiff even mentions the matter of an injunction to restrain the defendants from trespassing upon the strip in question.

I subscribe to the liberal rules of pleading adopted by this court and have endeavored to give full effect to same. However, I feel that the majority in reversing this judgment and ordering the issuance of a mandatory injunction, the most drastic remedy known to the law, have stretched the rules beyond recognizable limits. It seems to me that it would be more reasonable and much safer for us to require the plaintiff to start over again with a proper action than to keep him in court at the expense of establishing a precedent that will later rise up to embarrass us. It is for these reasons that I voice this dissent.