NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JOANN B. SPORE, *Plaintiff/Appellant*,

*v.*

GEORGE CAMPEAU, et al., *Defendants/Appellees*.

No. 1 CA-CV 16-0081
FILED 1-24-2017

Appeal from the Superior Court in Navajo County
No. S0900CV201400526
The Honorable Ralph E. Hatch, Judge

**REVERSED AND REMANDED**

COUNSEL

Criss Candelaria Law Office, P.C., Concho
By Criss E. Candelaria
*Counsel for Plaintiff/Appellant*

Jeffrey M. Proper PLLC, Phoenix
By Jeffrey M. Proper
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Patricia K. Norris joined.

---

**M c M U R D I E**, Judge:

¶1        Appellant Joanne Spore appeals the superior court's summary judgment for appellees George and Mary Ellen Campeau, individually and as trustees of the George and Mary Ellen Campeau Trust, on her claims for declaratory judgment, injunctive relief, and trespass. For the following reasons, we reverse and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

¶2        Spore and the Campeaus are neighboring property owners whose properties are accessed via Fir Drive, an unpaved, 30-foot wide easement that serves as a public-use roadway that allows utility and emergency services access along the road. The property interests of the appellant and appellees in regard to Fir Drive differ in that while the western half of Fir Drive is owned by Spore, the eastern half is owned by a non-party neighboring landowner. The Campeaus, as other area landowners, simply utilize the roadway for access to their property.

¶3        In 2014, prompted by safety concerns arising from vehicles speeding along Fir Drive, the Campeaus, with the consent of other neighboring landowners, erected a gate to block vehicle traffic along the road.[1] They also placed debris on both sides of the gate to block vehicles from bypassing it. The Campeaus provided a key to Spore, but insisted that the gate would remain unlocked.

¶4        In September 2014, Spore filed this action asserting a claim for trespass against the Campeaus and requesting a declaratory judgment that the Campeaus had improperly blocked Fir Drive because the road was either dedicated to public use and must remain open and unobstructed for public and emergency access, or her private driveway. Effectively, while

---

[1]      There is evidence that a gate had previously been located on the road, but it had fallen into disrepair.

Spore did not assert the Campeaus could not use the portion of Fir Drive that was located on her property, she objected to the construction of the gate. She asked the superior court to enter an injunction compelling the Campeaus to open the gate. After a hearing, the court granted Spore a temporary restraining order, finding that Spore could not easily operate the gate because of her age and the condition of the road. The court ordered the Campeaus to remove the debris to allow Spore to drive around the gate and ordered that the gate remain unlocked.

¶5        The Campeaus then installed a replacement gate that was larger and easier to operate, and graded the area around the replacement gate to prevent water from pooling. The Campeaus installed a "dummy" lock on the replacement gate that made it appear locked, but did not actually lock it. After another hearing, the superior court denied Spore's petition for contempt related to the Campeaus' installation of the replacement gate.

¶6        Spore then moved for summary judgment, arguing no genuine issue of material fact existed because the only issue before the court was the legal status of Fir Drive and the undisputed evidence showed that it was a public roadway that could not be blocked. The Campeaus cross-moved for summary judgment, asserting that Fir Drive is a private road and the replacement gate was necessary and not an unreasonable burden on Spore. Spore argued in response that a material question of fact existed regarding whether the gate was an unreasonable burden on her access. The superior court granted summary judgment for the Campeaus, noting that Spore had agreed at oral argument that the road is owned by the adjacent landowners, and rejected Spore's argument that a question of fact existed regarding whether the replacement gate unreasonably restricted Spore's access to Fir Drive.

¶7        Spore timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes section 12-2101(A)(1).[2]

## DISCUSSION

¶8        Spore argues the superior court erred by granting summary judgment for the Campeaus because a genuine issue of material fact existed

---

[2]        We cite the current version of applicable statutes unless revisions material to this decision have occurred since the relevant events.

regarding whether the gate unreasonably restricts Spore's access to her property.[3]

**¶9**		The superior court must grant summary judgment when the moving party shows no material facts are in dispute and the party is entitled to judgment as a matter of law. Ariz. R. Civ. P. 56(a). This court reviews a trial court's ruling on cross-motions for summary judgment *de novo*, viewing the facts in the light most favorable to the party against whom summary judgment was granted. *In re Estate of Gardner*, 230 Ariz. 329, 331 (App. 2012).

**¶10**		As stated above, the parties' rights differ with respect to the western half of Fir Drive, which is owned by Spore, and the eastern half of Fir Drive, which is owned by a non-party neighboring landowner.

**¶11**		The western half of Fir Drive belongs to Spore, and the public has an easement that allows it to traverse the road. However, that right does not allow the Campeaus or other neighboring landowners to enter and erect a permanent gate on Spore's property. *See Pinkerton v. Pritchard*, 71 Ariz. 117, 125 (1950) (defendant's easement to use land for road purposes did not allow it to construct a fence or other structures on it). In *Pinkerton*, the court stated

> The rights of any person having an easement in the land of another are measured and defined by the purpose and character of the easement; and the right to use the land remains in the owner of the fee so far as such right is consistent with the purpose and character of the easement. The servient estate will not be burdened to a greater extent than was contemplated or intended at the time of the creation of the easement.

---

[3]	Spore confines her argument on appeal to whether the superior court erred by finding no material dispute of fact on the issue of unreasonable interference under *Hunt v. Richardson*, 216 Ariz. 114, 124 (App. 2007), and does not argue that Fir Drive was a common-law roadway dedication. *See Pleak v. Entrada Prop. Owners' Ass'n*, 207 Ariz. 418, 420-21 (2004). Accordingly, we do not address that issue.

*Id.* (citations omitted). Accordingly, the superior court erred by granting summary judgment for the Campeaus on Spore's request for declaratory judgment and trespass claims insofar as the claims concerned the western half of Fir Drive.

¶12        We next consider whether the Campeaus and other neighboring landowners were within their rights to erect the gate on the eastern half of Fir Drive, which is owned by the landowners to the east of the road and burdened by a public use easement.[4] Under Arizona law, if the terms of an easement do not preclude construction of an improvement, the court must consider and balance the parties' interests by examining whether the improvement (1) is necessary for the use of the servient estate and (2) does not unreasonably interfere with the right of passage.[5] *Hunt*, 216 Ariz. at 121, ¶ 23. While these are generally questions of fact, a court may nevertheless determine these issues as a matter of law if there is no material dispute of fact in the record. *Orme Sch. v. Reeves*, 166 Ariz. 301, 309 (1990) (trial court should grant summary judgment "if the facts produced in support of the claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense.").

¶13        Spore does not challenge the necessity of the gate to the servient landowner, but contends the superior court erred by ruling that there is no issue of material fact regarding whether the gate unreasonably interferes with her access to the property. We do not agree with Spore that the court may never conclude as a matter of law that a gate does or does not unreasonably interfere with passage. *See Hunt,* 216 Ariz. at 124 ¶¶ 33-34 (Because the evidence supported differing conclusions, the court could not state as a matter of law whether a gate unreasonably interfered with passage over an easement). We do agree, however, that the evidence in this case supports different conclusions about the reasonableness of the interference created by the replacement gate.

¶14        Spore offered evidence that she has trouble walking, cannot drive around the replacement gate, and has difficulty opening the gate

---

[4]     The gate was donated by Rocky and Jennet Kansel, who own the adjacent property to the east of Fir Drive.

[5]     An improvement may be considered "necessary" so long as it is appropriate to the use of the property, even if it is not essential to the property's use. *Hunt*, 216 Ariz. at 123 ¶ 28.

because the locking mechanism is on the opposite side of the gate. In contrast, the Campeaus submitted evidence that the gate is easy to open and remains unlocked. Given this clear factual dispute, the superior court erred by ruling that no material question of fact exists as to whether the replacement gate unreasonably restricts Spore's access because it can be easily opened and is not locked. *Orme Sch.*, 166 Ariz. at 311 (summary judgment is not appropriate if the trial court must make an assessment of the credibility of witnesses with differing versions of material facts or choose among competing or conflicting inferences).

## CONCLUSION

**¶15** For the foregoing reasons, we reverse the superior court's summary judgment for the Campeaus and remand for further proceedings consistent with this decision. We deny the Campeaus' request for an award of attorney's fees, and will award costs to Spore upon her compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA