**KAIN, Executor, Appellant v WEITZEL, Appellee.**

Ohio Appeals, 1st District, Hamilton County.

No. 6206. Decided February 8, 1943.

Adam Strobel, Cincinnati, for appellant.
Jos. Sagmeister, Cincinnati, for appellee.

## OPINION

By ROSS, J.

The Court of Common Pleas of Hamilton county sustained a demurrer to the petition and rendered judgment for the defendant. From the petition it appears that:

The plaintiff is the executor of one Anna M. Kain, deceased, who purchased certain real estate at a sheriff's sale pursuant to an order made in a partition proceeding. The defendant individually was one of the parties in such proceeding, being also administratrix of the estate of Phillip Kurrus. The partition proceeding was filed by one Rosemary Dames against her co-parceners in the real estate of Phillip Kurrus. All of the heirs of Phillip Kurrus, who were parties to such proceeding, were under the impression that they alone were the sole owners of the property involved in the proceeding. Such, however, was not the fact. The wife of Phillip Kurrus by virtue of the statutes of descent and distribution had a ¼ interest in such real estate. She died intestate, and her surviving heir a brother, Clifford Knapke was the owner of such ¼th interest at the time of the execution and delivery of the sheriff's deed by virtue of such partition proceedings and Anna M. Kain, the plaintiff alleges, relying upon the allegations of the petition in such partition proceedings purchased the property at the sheriff's sale on January 13, 1939, and conveyed it by deed of general warranty to Rosetta Lacy and Mary L. Stewart on April 24, 1940.

The plaintiff states in his petition:

"Plaintiff further avers that on or about the first day of October, 1941, said Anna M. Kain, Rosetta Lacy and Mary L. Stewart, discovered for the first time that said Clifford Knapke had an interest and claim in their property."

The decedent of plaintiff being called upon to perform her covenant of general warranty to her grantees, Lacy and Stewart, purchased the ¼th interest of Clifford Knapke for $1600.00, and "did extinguish said claim", and "did so satisfy their claim in full." Anna M. Kain died shortly thereafter.

The plaintiff through his attorney notified the defendant Mayme Weitzel of the payment to Clifford Knapke and demanded a refund "of her portion thereof", being $266.66, and it is alleged: "but no part of said sum has been repaid to plaintiff, whereupon he became subrogated to a claim against the defendant in said amount."

One further allegation in the petition is relied upon by plaintiff to sustain his cause of action. It is alleged that the defendant, Mayme Weitzel, when acting as the administratrix of Phillip Kurrus on the 1st of December, 1938:

"rendered her application in the Probate Court and procured said Court to issue a Certificate of Transfer for the hereinbefore mentioned real estate. That the Probate Judge, by his duly authorized deputy, under the seal of said Court, in substance did find and certify, that Phillip Kurrus as the owner of said real estate, and further found that the said Rosemary Dames, Mayme Weitzel, Joseph Kurrus, Catherine McCabe, Emma Luckey and Emil Kurrus, were the persons who took said real estate under the laws of the State of Ohio; that said defendant then caused the said Certificate of Transfer to be left with the Recorder of Hamilton County, Ohio, on the 5th day of December, 1938, and the same was recorded in Deed Book 1806, page 516 of the Hamilton County, Ohio Records, and thereupon became one of the muniments of title to said lands."

The plaintiff relies mainly upon two matters alleged in his petition to sustain his contention that he has stated a cause of action. First, that the defendant as Administratrix applied for a certificate of title, which, when issued and recorded showed the entire title in the persons who later became the parties to the partition proceeding. Second, that the defendant was in her individual capacity a party to such proceeding. It is not alleged anywhere in the petition that the defendant at any time or in any place made any representation as to who were the owners of the real estate in question. While the defendant was a party to such proceeding, it is not alleged she filed any pleading or took any part in such proceeding, other than to receive her proportionate share of the proceeds of the sale of the real estate.

Again, giving the allegations of the petition an interpretation most favorable to plaintiff, it may be taken that plaintiff has alleged that he is subrogated to such claim as Clifford Knapke had against the defendant. It is obvious that the only claim he had

was that of co-parcener with, first, the decedent, and then, Lacy and Stewart.

The interest of the other heirs, parties to the partition proceeding was conveyed by Sheriff's deed to the decedent and by her transferred to Lacy and Stewart. His "claim" was the right of a tenant in common and the right to partition. The latter right was never exercised by him as far as the petition states. This would seem to dispose of the claim of subrogation. What the reasonable value of the ¼th interest of Clifford Knapke was does not appear. The only allegation pertinent states what plaintiff's decedent paid Knapke for his interest. Neither he nor his co-parceners, after the sheriff's sale, would be barred by the adjudication of value in the partition proceedings, to which they were not parties. Such value at the time of his assertion of interest may have been more or less than the proportionate interest in the total value found in the partition proceedings.

The order of the Probate Court for a Certificate of Title may not be charged to the defendant as a representation, binding her in any way as far as the instant action is concerned.

No allegation of the petition excludes this case from the application of the rule of caveat emptor, governing the rights of parties at judicial sales of real estate. **24 O. Jur., p. 95, Section 130, et seq. Section 133, p. 98,** is:

"The rule of caveat emptor operates on the purchaser at judicial sales, and cuts off all right to indemnity, except such as may arise from express warranty. There is no warranty of title by the officer making the sale, or by the judgment creditor. And since such sale excludes all warranty, the purchaser buys on his own knowledge and takes all the risks. The purchaser is bound to examine and judge for himself as to the title of the land he purchased from the sheriff, unless he is dissuaded from so doing by representations of some kind; and, in the absence of fraud or an express warranty, the purchaser has no relief against a defect in the title, or any restrictions appertaining to such property, nor has he any relief for any unsuitableness of the land for any particular purpose which an examination that he was free to make would have revealed. He buys with his eyes open, at his own risk, and is without recourse in case there is a defect in the title of the former owner of the property bought. The defect of title, in part or in whole, of the property sold, is no reason for setting aside a sale which has been fairly made. Such a purchaser cannot have the sale set aside on the ground of irregularities in the judgment proceedings. He can file no petition in error to reverse the judgment."

Obviously, also, §11703 GC, has no application to the sale involved herein. Such statute deals with sales on execution and applies to subrogation to the right of creditors.

It is also to be noted that cases decided under former statutes giving a. right of dower are not applicable, since dower right did not entitle the owner to partition.

The case of **Weir, et al., v Snider Saw Mill Co., 88 Oh St 424,** has no aspect helpful to the plaintiff. No question of an unrecorded deed is here involved. The inaccurate certificate of title was recorded.

It is apparent from the allegations of the petition that the defect in the title was discovered by Lacy and Stewart as well as by the plaintiff's decedent. How such discovery was made is not alleged, but it is apparent that the decedent purchaser could have discovered the defect had a thorough and complete search of the title been made with a proper investigation of the possibility of heirship in others than those appearing as parties in the partition proceedings.

The judgment is affirmed.

MATTHEWS, P. J., concurs.