Ephraim CROSS and Mary Cross,
Plaintiffs-Appellees,

v.

UNITED STATES of America,
Defendant-Appellant.

No. 466, Docket 28763.

United States Court of Appeals
Second Circuit.

Argued June 1, 1964.

Decided Aug. 7, 1964.

Clarence M. Dunnaville, Jr., Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, Arthur S. Olick, New York City, of counsel), for the United States.

Stanley Faulkner, New York City, for plaintiffs-appellees.

Before MOORE, KAUFMAN and MARSHALL, Circuit Judges.

MOORE, Circuit Judge:

In this income tax refund suit, plaintiffs-appellees claim that they were entitled to a deduction of $1,300 on their joint return for the year 1954 because of expenses incurred by Professor Ephraim Cross in connection with his summer travel to various Mediterranean and European countries. Upon appellees' motion for summary judgment, the district court, whose examination of the facts included the affidavits of several professors tending to indicate the desirability

of foreign travel for a teacher of languages as well as the pre-trial deposition of Professor Cross, concluded that there was no genuine issue as to any material fact, and granted appellees' motion. 222 F.Supp. 157 (S.D.N.Y.1963). The Government opposed the summary judgment procedure, claiming a right to cross-examine appellees as to the nature of their expenses and the educational benefits allegedly sought and also to cross-examine the affiant professors. On this appeal the only issue is whether there are triable issues of fact which render the award of summary judgment erroneous.

In 1954 Professor Cross was an Assistant Professor at City College in New York where he taught French, Spanish and romance linguistics (described by him as the study of the development of Latin into the romance languages, the study of the various dialects and the historic stages of those dialects). He, his wife and a pet dog sailed from New York on June 30, 1954 aboard a French freighter. The ship put in briefly in Portugal, Morocco, Tangiers, Oran, Algiers, Naples and Genoa and appellees spent a day or so in each place. When the freighter arrived at Marseilles, twenty-one days after leaving New York, appellees separated. Mrs. Cross joined a friend and continued touring while Professor Cross and their pet dog travelled to Paris. Although he did not pursue a formal course of study or engage in research, Professor Cross did visit schools, courts of law, churches, book publishers, theaters, motion pictures, restaurants, cafes and other places of amusement, read newspapers, listen to radio broadcasts, converse with students and teachers and attend political meetings. He rejoined his wife in this country on September 23, 1954 after his return aboard a French passenger liner.

Section 162(a), Int.Rev.Code of 1954 permits a deduction for "all the ordinary and necessary expenses paid or incurred * * * in carrying on any trade or business * * *." The Regulations promulgated under that section, Treas. Reg. 1.162–5, state:

"Expenses for education—(a) Expenditures made by a taxpayer for his education are deductible if they are for education (including research activities) undertaken primarily for the purpose of:

"(1) Maintaining or improving skills required by the taxpayer in his employment or trade or business, * * *·

* * * * * *

"Whether or not education is of the type referred to in subparagraph (1) of this paragraph shall be determined upon the basis of all the facts of each case. If it is customary for other established members of the taxpayer's trade or business to undertake such education, the taxpayer will ordinarily be considered to have undertaken this education for the purposes described in subparagraph (1) of this paragraph.

* * * * * *

"(c) In general, a taxpayer's expenditures for travel (including travel while on sabbatical leave) as a form of education shall be considered as primarily personal in nature and therefore not deductible."

Appellees claim, and the district court held, that all of Professor Cross's expenses are deductible. Professor Cross asserted in his deposition, which was taken for discovery purposes and did not include cross-examination,

"My purpose [in making the trip] was to maintain my contacts with my foreign languages for the purpose of maintaining and improving my skill as a linguist and teacher of languages, and to make my general teaching more effective, and to extend my contacts with foreign culture which I have to teach in connection with my teaching of foreign languages per se, and this can be done effectively and properly only by going into a foreign language area."

The Government disputes this explanation. It contends that all or at least part

of Professor Cross's travel was a vacation and thus a personal living expense for which a deduction is not allowed under Section 162, Int.Rev.Code of 1954. Moreover, the Government challenges the amount of the claimed deduction and questions whether any portion of that sum was expended on behalf of Mrs. Cross.

We believe that summary judgment was improvidently granted and that the Government is entitled to a trial at which all the circumstances may be developed for the consideration of the trier of fact. Rule 56(c), Fed.R.Civ.P. permits summary judgment only where "there is no genuine issue as to any material fact," a state of affairs not normally encountered where the problem is whether expenses are ordinary and necessary in carrying on a taxpayer's trade or business. See, e. g., Commissioner of Internal Revenue v. Heininger, 320 U.S. 467, 475, 64 S.Ct. 249, 88 L.Ed. 171 (1962); Welsh v. United States, 329 F.2d 145 (6th Cir. 1964); Condit v. Commissioner, 329 F.2d 153, 154 (6th Cir. 1964); Coughlin v. Commissioner, 203 F.2d 307 (2d Cir. 1953); Adelson v. United States, 221 F.Supp. 31 (S.D.Cal. 1963). Before travelling expenses can be allowed as deductible, there must be a factual determination of what parts, if any, are to be attributed to vacation travel or to educational advancement.

The essentially factual character of the issue is particularly apparent here, where the ultimate facts were warmly contested. While there was no dispute that Professor Cross was a teacher of languages and that he travelled abroad, many of the facts remain largely within his own knowledge and the Government should have the opportunity to test his credibility on cross-examination. Summary judgment is particularly inappropriate where "the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." Empire Electronics Co. v. United States, 311 F.2d 175, 180 (2d Cir. 1962); See Alabama Great So. R. R. v. Louisville & Nashville R. R., 224 F.2d 1, 5 (5th Cir. 1955); Subin v. Goldsmith, 224 F.2d 753, 758 (2d Cir. 1955). " 'A judge may not, on a motion for summary judgment, draw fact inferences. * * * Such inferences may be drawn only on a trial.' " Bragen v. Hudson County News Co., 278 F.2d 615, 618 (3d Cir. 1960). While we have recently emphasized that ordinarily the bare allegations of the pleadings, unsupported by specific evidentiary data, will not alone defeat a motion for summary judgment, Dressler v. M/V Sandpiper, 331 F.2d 130 (2d Cir. 1964), this principle does not justify summary relief where, as here, the disputed questions of fact turn exclusively on the credibility of movants' witnesses.

To the teacher of modern languages, particularly in a country far removed from the European continent, it is highly important that his linguistic ear be retuned as frequently as possible to the ways in which a foreign language is expressed. Moreover, a thorough familiarity with the current social, political and cultural climate of a country properly may be regarded as a prerequisite to effective classroom presentation of its language. The enlightened teaching of modern languages in our schools and colleges has assumed a position of unique importance in the world today. International understanding and its correlative, peaceful living by nations, is immeasurably aided by common language denominators.* A recent Revenue Ruling has recognized these notions:

> "[I]f a teacher of French, while on sabbatical leave granted for the purpose of travel, journeys throughout

---

* In May 1961 an organization was founded known as "The Association for a World Language," the purpose of which was to foster the teaching to every school child in every country of one other language in addition to his own. By such a program, it hoped to promote a deeper understanding between the peoples of all countries and to remove the barrier which frequently results from difficulties in linguistic communication.

France in order to improve his knowledge of the French language, the expenses of his travel (including transportation and expenses necessarily incurred for meals and lodging) are deductible as education expenses if the taxpayer can show that his itinerary was chosen and the major portion of his activities during the trip was undertaken for the primary purpose of maintaining or improving his skills in the use and the teaching of the French language and that the places visited and his activities were of a nature calculated to result in actual or potential benefit to him in his position as a teacher of French. This is true even though his activities while travelling may consist largely of visiting French schools and families, attending motion pictures, plays or lectures in the French language, and the like."

Revenue Ruling 64–176, Treas.Reg. 1.162–5.

On the other hand, a mere pleasure trip through various countries by a professor who has some fluency with the language of each country might well not fall within the deductible category. Thus, Revenue Ruling 64–176 goes on to state:

"Because travel of the type which teachers usually engage in for its educational value is generally of the same type as that on which other taxpayers embark for purely recreational and personal purposes, the expenses of a teacher for such travel will be deductible as ordinary and necessary business expenses only if and to the extent that the travel is directly related to the duties of the teacher in his teaching position, due consideration being given to the normal duties of that position."

Who can doubt that the alert American trial lawyer as a part of a summer vacation might not profit greatly by spending some time at the Old Bailey listening to British barristers exhibit their skills. The surgeon, too, might be benefitted in his profession by observing some delicate operation conducted by a European surgeon of renown. Yet it is questionable whether such tangible evidences of constant interest in one's profession entitle a taxpayer to deduct all his summer vacation expenses.

In addition to determining whether the trip was devoted in whole or in part to educational advancement, the trier of the facts will have to ascertain such amounts as are to be attributed to such purpose. Were the preliminary twenty-one days prior to the Marseilles landing all part of an educational program? What part, if any, was allocable to Mrs. Cross? What charges were incurred by the dog? Although probably *de minimis*, the Treasury frequently watches every penny and might not be generously inclined even though the dog were a French poodle.

■ The district court reasoned that summary judgment should be granted because the Government did not adduce facts to refute Professor Cross's claims as to the purpose of his trip, and that the Government had an opportunity to cross-examine when taking his deposition. The "right to use depositions for discovery * * * does not mean that they are to supplant the right to call and examine the adverse party * * * before the jury. * * * '[W]e cannot very well overestimate the importance of having the witness examined and cross-examined in presence of the court and jury.'" Arnstein v. Porter, 154 F.2d 464, 470 (2d Cir. 1946). By the same process, Professor Cross will have an opportunity to show with *greater particularity* that his more modern approach to the problem of linguistic improvement is far superior to the old-fashioned classroom lecture method.

Reversed and remanded for trial.