**UNITED INDUSTRIAL CORPORATION,**
Plaintiff,

v.

**NUCLEAR CORPORATION OF AMERICA, Martin-Marietta Corp., David Thomas, Bear, Stearns & Co., a limited partnership, et al., Defendants.**

No. 65 Civ. 466.

United States District Court
S. D. New York.

July 26, 1967.

Stroock & Stroock & Lavan, New York City, for plaintiff; David Schwartz, Gerald D. Fischer, New York City, of counsel.

Winthrop, Stimson, Putnam & Roberts, New York City, for defendants Bear, Stearns & Co., a limited partnership, and

its partners; William C. Chanler, John H. Byington, Jr., New York City, of counsel.

PALMIERI, District Judge.

This is an action under Section 10(b) of the Securities and Exchange Act of 1934 and Rule 10(b) (5) promulgated thereunder. The plaintiff seeks damages alleging that defendants conspired to fraudulently induce plaintiff to purchase 536,280 shares of defendant Nuclear Corporation of America (Nuclear). The moving defendants are Bear, Stearns & Co. (Bear, Stearns) and its partners. The controversy stems principally from the relationships between the plaintiff and defendant Nuclear and relates particularly to the transfer by plaintiff to Nuclear of approximately 89% of the common stock of the company known as U. S. Semiconductor Products, Inc. (Semcor). It was in partial consideration for the transfer of this stock that plaintiff alleges it was fraudulently induced to acquire the Nuclear stock. At the time of the execution of the Semcor contract, it is alleged that Nuclear was controlled and dominated by the defendant Martin-Marietta Corp. and by Bear, Stearns. It is further alleged that Bear, Stearns together with its partners, then owned about 17% of Nuclear's outstanding capital stock and that Bear, Stearns was represented on the board of directors of Nuclear by two of its partners.

Despite assertions to the contrary by the moving defendants, there is a sharp controversy of fact as to the nature and extent of the representations made by Bear, Stearns and its precise relationship to the plaintiff's controversy with Nuclear. The motion for summary judgment is based upon a distillation of the facts and on fact inferences that can only be made by a trial court.

It must be stressed that "[o]n summary judgment the inferences to be drawn from the underlying facts * * * must be viewed in the light most favorable to the party opposing the motion." United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). " 'A judge may not, on a motion for summary judgment, draw fact inferences. * * * Such inferences may be drawn only on a trial.' Bragen v. Hudson County News Co., 278 F.2d 615, 618 (3d Cir. 1960)." Cross v. United States, 336 F.2d 431, 433 (2d Cir. 1964).

Summary judgment is particularly inappropriate where "the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." Empire Electronics Co. v. United States, 311 F.2d 175, 180 (2d Cir. 1962); see, Alabama Great So. R. R. v. Louisville & Nashville R. R., 224 F.2d 1, 5, 50 A.L.R.2d 1302 (5th Cir. 1955); Subin v. Goldsmith, 224 F.2d 753, 758 (2d Cir. 1955).

An additional reason why the granting of summary judgment would be a dangerous expedient in this case rests upon the expanded application of federal jurisdiction to cases of this nature by the Second Circuit as announced in its two recent decisions in Vine v. Beneficial Finance Co., 374 F.2d 627 (2d Cir. 1967), and A. T. Brod & Co. v. Perlow, 375 F.2d 393 (2d Cir. March 27, 1967). Cf., Entel v. Allen, et al.; Gelman v. Farley, 270 F.Supp. 60 (S.D.N.Y. June 7, 1967). Furthermore, the Second Circuit has warned of the inadvisability of granting summary judgment in stockholder actions. See, Bozant v. Bank of New York, 156 F.2d 787, 790 (2d Cir. 1946), followed by Judge Wyatt of this Court in List v. Fashion Park, Inc., 222 F.Supp. 798, 801–802 (S.D.N.Y.1963).

Motion denied. It is so ordered.