446 P.2d 510

**Becky B. MADDEN, a widow, Appellant,**

**v.**

**Edward BARNES, Appellee.**

**No. 1 CA–CIV 699.**

Court of Appeals of Arizona.

Oct. 31, 1968.

Rehearing Denied Nov. 25, 1968.

Review Denied Jan. 14, 1969.

Lewis Roca Beauchamp & Linton, by John P. Frank and Gerald K. Smith, Phoenix, for appellant.

Paul W. LaPrade, Phoenix, for appellee.

KRUCKER, Judge.

This case comes to us on appeal from the granting of a partial summary judgment in an action involving a mortgage foreclosure.

The conflict arose out of the following facts. On June 7, 1966, defendant-appellant Becky Madden executed a note for $75,000, secured by a mortgage on certain real property in the Phoenix area, in favor of the plaintiff-appellee Edward Barnes. On June 14, 1966, appellant borrowed $75,000 from the Valley National Bank. The promissory note was due in 360 days, interest at six percent. It contained the usual acceleration clause in case of default, with interest at the rate of eight percent after default. Appellee signed the note as accomodation maker and delivered his personal cash savings accounts and life insurance policies to the bank as collateral for the loan. The mortgage recites that appellant was well and truly seized of a good and perfect title in fee simple, and that she had lawful authority to convey, and that the title was free, clear and unencumbered.

On September 16, 1966, appellee was notified by the Valley National Bank that appellant had defaulted in payment on the bank loan, and that it had elected to accelerate the payments. On September 23, 1966, appellee paid the bank $76,191 being the principal amount of $75,000 plus $1,191 accrued interest. The Valley National Bank endorsed the note over to appellee without recourse. Appellee instituted action to foreclose on the mortgage July 20, 1966, joining appellant and TransAmerica Title Insurance Company, executor of the estate of appellant's husband, John Madden, who had recently met his demise, as defendants. The complaint alleged that TransAmerica had an interest in the subject property, but that it was junior to the appellee's lien. In her answer, appellant alleged, *inter alia,* that her only interest in the subject property was a right to receive a fractional share of the proceeds from the sale of the land and denied under these circumstances that she has any power to execute a valid mortgage affecting the property. (It seems that her theory was that the mortgage in reality constituted an assignment of a claim to proceeds from the disposition of the property.) Neither appellant nor TransAmerica admitted that TransAmerica's interest was junior to appellee's mortgage.

In answer to appellee's interrogatories, TransAmerica stated:

"Prior to July, 1965, title to the subject land was of record in the name of Becky B. Madden while she was the wife of John E. Madden. John E. Madden, did, on July 22, 1965, record in the office of the County Recorder of Maricopa County, Arizona, as notice to the world, including Plaintiff, an Affidavit wherein he stated under oath that said property was the community property of himself and Becky B. Madden. Thereafter, on September 4, 1965, John E. Madden and Becky B. Madden agreed, in writing, that the property which is the subject of this action was owned partly as the sole and separate property of Becky B. Madden and partly as the community property of the parties. * * *"

TransAmerica also stated that an undivided 72/172 interest was owned by John and Becky as their community property.

On November 9, 1966, appellee filed a supplement to his complaint wherein he alleged that the mortgage was given by appellant in consideration of appellee's signing of the bank loan as accommodation maker and posting his own property as collateral therefore. The amended complaint sought damages in the amount of $76,191 plus interest at six percent from September

23, 1966, until paid. Both complaints contained prayers for attorney's fees in the amount of $7,500.

On January 24, 1967, appellee moved for partial summary judgment against the appellant. The motion was supported by appellee's attorney's affidavit re reasonableness of attorney's fees.

In answer to this motion, appellant's attorney filed an affidavit that reasonable attorney's fees for work done by the appellee's attorney did not exceed $30 per hour or $2,100 total. Also, in her Amended Answer to Supplement to Complaint, appellant alleged that plaintiff was entitled to recover attorney's fees computed at the rate of $30 per hour for all the time necessarily spent.

On February 27, 1967, the court granted appellee's motion for partial summary judgment foreclosing the mortgage against the interest of appellant. At that time, the motion for summary judgment on attorney's fees was denied.

On April 11, 1967, appellee once again moved for partial summary judgment on the issue of attorney's fees. Appellee's attorney admitted that the sum of $2,100 was acceptable to him and he filed an affidavit of his willingness to accept such sum. Appellant opposed this motion with the response which incorporated by reference the affidavits filed in opposition to the original summary judgment by plaintiff-appellee.

On June 8, 1967 the superior court entered judgment for appellee in the amount of $82,999.19, including principal, interest, attorney's fees, and costs against appellant, and foreclosing the mortgage.

■■■ Appellant's first contention is that the court erred in directing a foreclosure and sale of her interest in the mortgaged property because it was not exactly clear what that interest was. Defendant having mortgaged a good, free, and unencumbered title cannot now be heard to interpose some defect to stop a foreclosure sale. A mortgagor is estopped to assert anything in derogation of the rights which the mortgage purports to convey, including the fact that the estate mortgaged is other or less than an estate in fee simple. See, 31 C.J.S. Estoppel § 14, at p. 301. Also see, 50 C.J.S. Judicial Sales § 39a, at p. 649:

> " * * * the purchaser [at a judicial sale] can acquire only the title and rights had and possessed by the person whose interest is sold * * *. Where some of the owners are bound by the decree and others not, the sale will convey the interests of those bound. * * * "

The purchaser is bound to examine and judge for himself as to the title of the land purchased unless he is dissuaded from so doing by representations of some kind. Kain v. Weitzel, 72 Ohio App. 229, 50 N.E. 2d 605 (1943).

The judgment entered by the trial court was a partial summary judgment. The controversy as to the interest of John E. Madden, deceased, has not been determined or disposed of. Pinkerton v. Pritchard, 71 Ariz. 117, 223 P.2d 933 (1950).

■■■ Under Rule 54, the trial court has discretion to enter judgment as to a portion of the claim. We see no abuse of discretion in disposing of the controversies between Barnes and Becky Madden.

■■■ Appellant next claims that there was a genuine issue of fact as to the reasonable amount of attorney's fees allowable. As we described above, appellee claimed $7,500; appellant then by affidavit stated that $2,100 was a reasonable fee if the time spent by appellee's counsel was necessary. Then appellee filed an affidavit in support of his motion for summary judgment, stating that $2,100 was acceptable to him as a reasonable fee for time expended. Appellant filed no affidavit controverting the reasonableness of the $2,100 figure as required by Rule 56(e), Arizona Rules of Civil Procedure, 16 A.R.S. We believe that the absence of a controverting affidavit is of controlling importance here. Appellant cites us to Cross v. United States, 336 F.2d 431 (2d Cir. 1964), which held that the absence of a controverting affidavit was not fatal and the disputed question of fact turned on credibilty of movant's witnesses. That case involved the claimed tax deduction and

the intent of the taxpayer was a question of fact. We do not feel that *Cross* is applicable here. Appellant admits that $30 per hour and $2,100 are reasonable sums for work expended if all the work was necessary, but nowhere does she contend that the work was not all necessary, in the face of appellee's attorney's affidavit that it was. When appellee has sworn that the amount was reasonable, Rule 56(e) will not allow appellant to preserve the question for trial without at least stating that it was not, which he failed to do. Rule 56(e), as amended, reads in part:

"* * * an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

See, Martinez v. Coombs, 93 Ariz. 127, 379 P.2d 118 (1963). In Zampos v. United States Smelting, Refining & Mining Co., 206 F.2d 171, at 174 (10th Cir. 1953), the Court said:

"* * * where the moving party presents affidavits, or depositions, or both, which taken alone would entitle him to a directed verdict, if believed, and which the opposite party does not discredit as dishonest, it rests upon that party at least to specify some opposing evidence that he can adduce which may reasonably change the result."

We hold that there was no genuine issue of fact as to the amount of attorney's fees allowable, and the judgment of $2,100 will be affirmed.

■■■ Appellant contends that there is no justification for a foreclosure judgment because the Valley Bank note, paid by the plaintiff, was not secured by any mortgage. While the plaintiff sued on both notes, we believe it to be clear that the first note is the one he is entitled to recover on and to foreclose. Guaranteeing and paying the Valley Bank note furnished the consideration for the first note, but there is no showing that the original agreement was modified by it. The first note called for interest from its date, June 7, 1966. It also provided for eight percent interest if not paid when due. The note, payable on demand, became payable on the filing of the suit, July 21, 1966, no prior demand having been proven.

"* * * no express demand is required to mature the note [demand] or as a prerequisite to such right of action, commencement of a suit being sufficient demand for enforcement purposes. * * *" 11 Am.Jur.2d Bills and Notes § 286, at 312. ·

See also, Davidson v. Wee, 93 Ariz. 191, 379 P.2d 744 (1963).

Instead of insisting that the full interest which the contract between the parties entitled him, the plaintiff at the time of the settling of the judgment in the lower court elected to waive any interest from June 7, 1966 to June 14, 1966, to take interest from June 14, 1966 to August 24, 1966 at six percent, and to take interest from August 24, 1966 at eight percent per annum to date of judgment rather than from July 21, 1966 as the note entitled him. These amounts of interest were erroneously computed at $5,839.19, and judgment entered accordingly. Appellee now acknowledges that the computation of these amounts of interest should have been $5,-267.62, and, being convinced that appellee is entitled to at least this much interest, we hold that the judgment should be modified to this extent. As modified, the judgment is affirmed.

HATHAWAY, C. J., and MOLLOY, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.