**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**SOUTH PACIFIC ISLAND AIRSYSTEMS, INC., GEORGE
WRAY, SAMOA AVIATION, INC., dba SAMOA AIR, & DOES
1-10, Defendants**

High Court of American Samoa
Trial Division

CA No. 13-94

September 2, 1994

Before KRUSE, Chief Justice, VAIVAO, Associate Judge, BETHAM,
Associate Judge.

Counsel:        For Plaintiff, Cherie Shelton Norman, Assistant
Attorney General
For Defendant South Pacific Airsystems, Inc., Togiola
Tulafono
For Defendant Samoa Aviation, Inc., dba Samoa Air,
Marshall Ashley
For Defendant George Wray, Pro Se

Order on Motion for Summary Judgment and Cross Motion to Dismiss:

This case concerns competing claims to a parcel of American Samoa Government ("ASG") owned land at the Pago Pago International Airport in Tafuna, American Samoa. This parcel was, all parties agree, leased to South Pacific International Airways, Inc. ("SPIA") by ASG in June 1977. With or without ASG acquiescence, SPIA transferred this lease in March 1985. SPIA then filed for Chapter 11 bankruptcy in 1985 and in 1986 ASG and SPIA amended the lease so as to mortgage it to National Pacific Insurance ("NPI"). At some point, SPIA's bankruptcy was changed from chapter 11 to chapter 7, and its' operations and assets were transferred to Trustee Richard Kennedy ("Trustee"). There is dispute over whether or not the Trustee assumed SPIA's obligations under the ASG lease, and if the property then reverted back to ASG. The parties do agree that ASG and Samoa Aviation Inc., dba Samoa Air ("SamAir") attempted to enter into a lease of the parcel in 1988. ASG then filed for recovery of the parcel against SamAir in CA No. 56-89. The court determined that ASG's lease with SamAir was a valid five-year lease.[1] *See American Samoa Government v. Samoa Aviation, Inc*, 11 A.S.R.2d 144 (1989), rehearing denied 13 A.S.R.2d 65 (1989). Although this lease has ended, there is also a dispute between the parties as to the status of SamAir's use of the parcel, the validity and effect of various documents executed by George Wray ("Wray"), and the entitlements, if any, of SPIA. The parties have also faced each other in CA No. 49-89, where SamAir filed against ASG, Wray and South Pacific Island Airsystems ("Airsystems"). Although a preliminary injunction was stipulated to in May 1989 that case is still pending. In January 1994, ASG filed for declaratory relief in the instant matter, which is now before the court on a motion for summary judgment filed by SamAir. At the same time, Wray presented at oral argument a motion to dismiss on jurisdictional grounds on the basis of an affidavit given by the Governor Lutali's chief of staff which in effect contradicts, to counsel for ASG's bewilderment, factual allegations contained in ASG's complaint for declaratory relief. We address each issue in turn.

## THE SUMMARY JUDGMENT MOTION

Defendant SamAir submitted a motion for summary judgment on July 20, 1994. In its motion, SamAir argues that the quitclaim deed signed by Wray on behalf of SPIA and Airsystems did not convey any real interest, as necessary approval from the Governor was never obtained. SamAir then asserts that any leasehold interest remained with SPIA at the time it

---

[1] Neither SPIA nor Mr. George Wray were parties to this action.

filed for bankruptcy and that this lease was automatically dissolved, with all interests reverting back to ASG. Therefore Wray and Airsystems have no legal interest as a matter of law.

In response, Wray claims that there is a question of fact as to which chapter of the U.S. Bankruptcy Code SPIA was operating under when the Trustee took over. Wray also asserts that SamAir has no present interest in the parcel, that the Governor did approve in writing Airsystems entitlement as an assignee of SPIA's original lease, that SPIA's assignment to Airsystems was effective, and that the lease was reaffirmed by the parties. Wray asserts these mixed arguments of law and fact as evidence that summary judgment is inappropriate at this time.

Defendant Airsystems has also filed a response to the summary judgment motion, alleging that SamAir does not have the requisite standing to seek summary judgment. In addition, Airsystems contends that SamAir's interpretation of the applicable Bankruptcy Code chapter is erroneous, and whether or not the lease was terminated is a question of fact most properly determined at trial.

■■■ Summary judgment is appropriate where the pleadings and supporting papers show "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." T.C.R.C.P. Rule 56. In ruling on such a motion, the court must view all pleadings and supporting papers in the light most favorable to the opposing party, *United States v. Diebold*, 8 L. Ed.2d 176 (1962), treat the opposing party's evidence as true, and draw from such evidence the inferences most favorable to him. *Lokan v. Lokan*, 6 A.S.R.2d 44, 45 (1987). This burden on the moving party "may be discharged by ... pointing out ... that there is an absence of evidence to support the non-moving party's case." *Bryant v. Southwest Marine of Samoa, Inc.*, CA No. 41-92 (1993), *citing Celotex Corp. v. Catrett*, 91 L. Ed.2d 265, 275 (1986).

■■■ Summary judgment is a drastic and final remedy that operates to deprive the non-moving parties of their day in court. Examining this motion, we cannot say that there is no genuine issue of fact. Although the opponents to this motion present a non-differentiated mix of fact and law, their submissions, do rise to the level needed to defeat this particular motion. Whether or not the lease was terminated by the Trustee and, perhaps as importantly, whether or not the lease was reaffirmed, is an issue best not summarily resolved at this juncture. Additionally, the parties raise questions as to intent, an area generally not appropriate for summary judgment, as well as questions going to knowledge, timing, and

control. *See Cross v. United States*, 336 F.2d 431 (2nd Cir. 1964). In short, the parties have raised enough factual issues to defeat SamAir's submission. The motion for summary judgment is therefore denied.

## THE JURISDICTIONAL ISSUE

At the hearing, Wray tendered an affidavit of Governor A.P. Lutali's Chief of Staff, Aleni Ripine ("Ripine"), dated August 25, 1994, the very day of the hearing. In this affidavit, Ripine deposes that the Governor has made no decision on whether or not to lease the parcel to SamAir and that the Governor has "expressed no intentions with respect to any leasehold matter on this property". (Affidavit of Aleni Ripine, August 25, 1994). At oral argument Wray alleged that the court has no jurisdiction to hear this case - that since the Governor had not decided to lease the parcel there was no longer any controversy to be decided. We disagree.

In the first instance, the submitted affidavit and its hearsay averments, as the basis of establishing jurisdictional facts, is inadmissible. (We also declined Airsystems request to call Wray to the stand to testify about Ripine's affidavit, and hence compound the hearsay problem.) After five years and three court cases we are unprepared to dismiss this action on the basis of an affidavit testifying to what Ripine reports the Governor's alleged intentions are. The difficulties with this type of submission are both too numerous and too obvious to be dealt with at any length.

■ Additionally, the case before us does present a case of actual controversy relating to the legal rights and duties of the respective parties, in accordance with A.S.C.A. § 43.1101. As stated in *In re High Chief Title "Mauga"*, 4 A.S.R. 132, 135 (1974), the test generally applied in determining whether a case presents a justiciable issue which can serve as a basis for a declaratory judgment suit is "whether it is relatively certain that coercive litigation will eventually ensue between the same parties if a declaratory judgment is refused."

The plaintiff in this case is faced with the very real possibility of further litigation once it engages in any contemplated course of action. Additionally, this case presents us with a justiciable controversy touching on the parties adverse legal interests. In short, this suit fulfills the requirements of A.S.C.A. § 4.1101 and is exactly the type of controversy contemplated by that statute. The motion to dismiss on jurisdictional grounds is, therefore, denied.

It is so ordered.