NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

BRYAN THOMPSON, et al., *Plaintiffs/Appellees*,

*v.*

DALIA SPINA, *Defendant/Appellant*.

No. 1 CA-CV 25-0173
FILED 11-10-2025

Appeal from the Superior Court in Maricopa County
No. CV2022-004384
The Honorable Scott Sebastian Minder, Judge

**AFFIRMED**

COUNSEL

Platt and Westby PC, Phoenix
By R. Andrew Rahtz and Grant Davis
*Counsel for Plaintiffs/Appellees*


Dalia Spina
*Pro Per Defendant/Appellant*

---

**MEMORANDUM DECISION**

Judge Veronika Fabian delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Anni Hill Foster joined.

---

**F A B I A N**, Judge:

¶1             Several disputes arose following the sale of real property from Dalia Spina ("Seller") to Bryan and Shanin Thompson ("Buyers"). As a result, Buyers filed a claim for breach of contract and Seller counterclaimed. Seller appeals the superior court's grant of summary judgment in favor of Buyers, along with the superior court's quashing of four subpoenas to the parties' neighbors. For the following reasons, this Court affirms.

## FACTS AND PROCEDURAL HISTORY

¶2             Seller owned property that she divided into a north and south parcel in 2016. She remained and resided on the south parcel. Under the warranty deed, she "reserv[ed] unto the grantor, her successors and/or assigns, the EAST 20 FEET thereof for the purpose of ingress, egress" ("the Easement"). She re-recorded the parcels in 2019, again reserving the Easement under the same language. When advertising the parcel, Seller directed potential buyers to use the Easement to access the property, highlighting it in red. In December 2019, the Easement was again recorded in a survey of the north parcel.

¶3             In April 2019, Seller sold the north parcel to Buyers pursuant to a sales agreement, which was signed and notarized. That sales agreement was subject to "[e]xisting taxes, assessments, covenants, conditions, restrictions, rights of way, easements and all other matters of record." The agreement provided Buyers would "install [a] new well on property and provide 50% ownership, 50% water rights, and joint well management to [Seller] . . . and install all underground plumbing end to end with no cost to [Seller]." A shared well agreement was to be in place within 12 months of close or buyer was to pay the cost of a private well on both properties. The sales agreement expressly provided that Buyers would "maintain access easement to property." The parties never entered into a shared well agreement because Seller refused to sign one.

¶4          When disputes arose concerning the Easement, Buyers filed a complaint for breach of contract, alleging: (1) the sales agreement granted an easement over Seller's property and (2) Seller breached the sales agreement by restricting Buyers' use of the Easement. Buyers sought injunctive relief and damages.

¶5          Seller filed several counterclaims, alleging Buyers negligently damaged her property while installing the well and asserting breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, quiet title, trespass, and negligence claims. At Buyers' request, the superior court dismissed Seller's motion to compel subpoenas served on neighbors to the properties, finding the subpoenas sought "information on issues already adjudicated." Buyers then filed a motion for summary judgment for all claims and counterclaims and requested attorney's fees and costs pursuant to A.R.S. §§ 12-341, 341.01, and 349.

¶6          As for Buyers' breach of contract claims, the court granted summary judgment in part and denied summary judgment in part. It found there was a contractual easement, which Seller breached by restricting access to the Easement, thereby damaging Buyers. The court also found Seller breached the agreement to enter a shared well agreement. However, because Buyers did not provide adequate evidence as to the amount of their damages, it granted only partial summary judgment. The court then enjoined Seller from continuing to "alter, impair or obstruct the Easement."

¶7          The court granted summary judgment in favor of Buyers on all of Seller's counterclaims, finding her conclusory assertions were not supported with sufficient evidence to survive summary judgment. Buyers later withdrew their remaining affirmative claims and the court awarded Buyers $3,500 in attorney's fees and $682.69 in costs.

¶8          This Court has jurisdiction over Seller's timely appeal pursuant to Article VI, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and 2101(A)(1).

## DISCUSSION

## I.    Seller Failed to Meaningfully Develop Her Argument.

¶9          An appellant who fails to make a bona fide and reasonably intelligent effort to comply with the rules will waive issues and arguments not supported by adequate explanation, citations to the record, or authority. *Ramos v. Nichols*, 252 Ariz. 519, 522 ¶ 8 (App. 2022) (quotations omitted). Courts hold unrepresented litigants in Arizona to the same standards as

3

attorneys and do not afford them special leniency. *Id.* "Merely mentioning an argument in an appellate opening brief is insufficient." *MacMillan v. Schwartz*, 226 Ariz. 584, 591 ¶ 33 (App. 2011).

**¶10**      Seller's opening brief lacks any coherent form of organization. She fails to adequately present appealable issues, explain her arguments in support of those issues, or reference any case law or the record to support her arguments. *See* ARCAP 13(a)(6)-(7), (d). Seller's failure to meaningfully develop her arguments constitutes abandonment and waiver. *See MacMillan*, 226 Ariz. at 591 ¶ 33.

**¶11**      However, this Court, to the extent possible, will address Seller's main contentions—that the superior court erred in granting summary judgment in favor of Buyers and against Seller and quashing her subpoenas to the parties' neighbors. *See Ramos*, 252 Ariz. at 523 ¶ 10 (discussing this Court's preference to overlook waiver "in the interest of resolving appeals on the merits").

## II.    The Court Did Not Err When It Granted Summary Judgment in Favor of Buyers.

**¶12**      The court granted partial summary judgment on Buyers' claim for breach of contract and full summary judgment on Seller's counterclaims. Seller challenges these grants on appeal. This Court reviews grants of summary judgment *de novo*. *Urias v. PCS Health Sys., Inc.*, 211 Ariz. 81, 85 ¶ 20 (App. 2005).

**¶13**      A court properly grants summary judgment in favor of a moving party when "the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law" based on the pleadings, affidavits, and other supplemental materials. Ariz. R. Civ. P. 56. Summary judgment is proper if the supporting facts have "so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim." *Orme Sch. v. Reeves*, 166 Ariz. 301, 309 (1990). "[A]n opposing party may not rely merely on allegations or denials of its own pleading;" rather, its response must "set forth specific facts showing a genuine issue for trial." Ariz. R. Civ. P. 56(e).

### A.    The Court Did Not Err in Granting Summary Judgment in Favor of Buyers' Breach of Contract Claim.

**¶14**      The court granted summary judgment on Buyers' breach of contract claim, stating "[i]n light of the recorded easement prior to the sale

and the maintenance of the easement as part of the sale . . . no genuine issues of material facts exist" that Seller breached the parties' contract by restricting Buyers' use of the Easement. It then enjoined Seller "from altering, impairing, or obstructing the access easement." Summary judgment was proper because all the elements of a breach of contract claim were met.

¶15      Seller argues the court erred because "no purchase agreement conveyed easement & no contingency plan for any easement for ingress egress because [Buyers] already had another N-W easement." Seller also claims evidence supporting the court's finding of a contract was "fake" and "based on conjecture alone & falsified forged evidence" because she "never signed off on [the] easement."

¶16      The record includes evidence of the Easement prior to the sale. The purchase agreement expressly established rights to the Easement, stating "buyer to maintain access easement to Property." The fact Buyers might have another way to access their property is irrelevant when there is an express contractual easement. Only an easement by necessity requires a showing Buyers do not have another way to access their property. *Dabrowski v. Bartlett*, 246 Ariz. 504 (App. 2019). Furthermore, Seller did not submit anything to support her conclusory allegations that these documents were "fake" or "falsified forged evidence."

¶17      With respect to the breach, the superior court found Seller did not dispute Buyers' allegations that Seller "repeatedly" breached the Easement when Seller "placed herself in front of a vehicle, blocked the easement with tape, buried blocks under the easement to damage vehicles using it, and stacked large rocks on it to prevent passage." Here, Seller argues she did not breach that condition because Buyers "were never obstructed from [Seller]'s private easement other than when [Seller] had permitted main cave creek water line repairs to her home which [Buyers] damaged." Again, Seller did not properly support this argument with citations to the record in response to Buyers' motion for summary judgment. Thus, she did not raise a material question of fact.

¶18      Seller also argues Buyers alleged no damages or that insufficient evidence of damages exists to establish a breach of contract. Seller is correct that a breach of contract claim requires a showing of damages resulting from the breach. *See Graham v. Asbury*, 112 Ariz. 184, 185 (1975). The court granted summary judgment to the extent that it found there was a contractual easement, which was breached, and caused

damage. However, the court declined to award monetary relief because Buyers did not sufficiently quantify their monetary loss.

¶19 A court is permitted to grant partial summary judgment. *See* Ariz. R. Civ. P. 56; *Madden v. Barnes*, 8 Ariz. App. 404 (1968). "If the court does not grant all the relief requested by the motion, or if judgment is not rendered on the whole case under Rule 56(f), the court may enter an order identifying any material fact—*including an item of damages* or other relief—that is not genuinely in dispute and treating the fact as established in the case." Ariz. R. Civ. P. 56(g) (emphasis added). Therefore, the court did not err in granting partial summary judgment to Buyers for breach of contract.

### B. The Court Did Not Err When It Granted Summary Judgment in Favor of Buyers on Seller's Six Counterclaims.

¶20 Seller argues the superior court erred in granting summary judgment in favor of Buyers on her counterclaims. This Court disagrees.

¶21 Seller's counterclaims for breach of contract and breach of the implied covenant of good faith and fair dealing are both based on Buyers' alleged failure to fulfill their contractual obligation to enter into a shared well agreement. The contract provides that "Buyer [shall] install new well on property and provide 50% ownership, 50% water rights, and joint well management to [Seller] . . . Buyer will install all underground plumbing end to end with no cost to seller." The record shows Buyers installed a new well on the northern parcel and attempted to enter into a shared well agreement with Seller. The record shows it was Seller who refused to sign the shared well agreement. Therefore, the court properly granted summary judgment on Seller's breach of contract counterclaim.

¶22 Seller also alleged unjust enrichment, arguing Buyers received the land for a lower price without performing their contractual duty. The doctrine of unjust enrichment generally does not apply when, like here, there is an express contract governing the relationship between parties. *See Trustmark Ins. Co. v. Bank One, Ariz., N.A.*, 202 Ariz. 535, 542 ¶ 34 (App. 2002). Seller has failed to show an exception should be made here.

¶23 Seller's quiet title and trespass claims rely on unsupported allegations that the sales agreement mistakenly or fraudulently contained the incorrect property description. Similarly, Seller provided no support for her claim that Buyers negligently damaged her property when connecting the well. Thus, summary judgment was proper on Seller's counterclaims for quiet title, trespass, and negligence.

### III. The Court Did Not Abuse Its Discretion When It Quashed the Subpoenas.

¶24       The superior court granted Buyers' motion to quash Seller's subpoenas seeking information from Buyers' neighbors, finding they were related to issues already adjudicated.

¶25       On appeal, Seller argues the superior court erred because the subpoenas were relevant. They sought information related to Buyers' alternative claim of an implied easement. However, Seller must show she suffered prejudice as a result of the court's alleged error. *See Selby v. Savard*, 134 Ariz. 222, 227 (1982). Because the court ultimately found an express easement existed, Buyers would have prevailed regardless of whether an implied easement existed. Therefore, Seller was not prejudiced by the court's quashing of the subpoenas, even if in error. For the same reason, Seller has not shown she was prejudiced by Buyers' failure to timely object to Seller's subpoenas.

¶26       Seller also argues: (1) Buyers waived their objections to the subpoenas by not objecting to them when they were orally discussed, and (2) Buyers' failure to disclose this "relevant evidence" constitutes misconduct to warrant relief. Because Seller provides no legal citations in support of these remaining arguments, she waives them. *See Ramos*, 252 Ariz. at 522 ¶ 8; ARCAP 13(a)(7).

### IV. The Superior Court Did Not Abuse Its Discretion When It Awarded Attorney's Fees and Costs to Buyers.

¶27       Pursuant to A.R.S. §§ 12-341 and 341.01, Buyers requested $46,962.00 in attorney's fees and $682.69 in costs. Based on Seller's financial hardship, the court awarded $3,500 in attorney's fees, far below the amount requested, and $682.69 in costs because Buyers were the successful party. *See* A.R.S. §§ 12-341, 341.01. To the extent Seller challenges these awards, this Court affirms them on appeal.

### V. Attorney's Fees and Costs on Appeal

¶28       Both parties request attorney's fees and costs pursuant to A.R.S. §§ 12-341 and 341.01. Because Buyers are the successful party on appeal, this Court awards them their taxable costs, A.R.S. § 12-341, contingent upon their compliance with Arizona Rule of Civil Appellate Procedure 21. This Court, in its discretion, denies both parties' requests for attorney's fees.

## CONCLUSION

¶29        For the foregoing reasons, this Court affirms.



MATTHEW J. MARTIN • Clerk of the Court

**FILED**:     JT